U. S. WIRE & CABLE CORP., PLAINTIFF-APPELLANT, v. THE ASCHER CORPORATION, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.

Argued December 19, 1960—Decided January 23, 1961.

122

Mr. *David N. Ravin* argued the cause for plaintiff-appellant (*Messrs. Ravin & Ravin,* attorneys).

Mr. *Alan V. Lowenstein* argued the cause for defendant-respondent (*Mr. Richard M. Sandler,* of counsel).

The opinion of the court was delivered by

HANEMAN, J. U. S. Wire & Cable Corp. (U. S. Wire) appeals from a summary judgment granted upon the counterclaim of The Ascher Corporation (Ascher).

On January 20, 1956 U. S. Wire, a New Jersey corporation, with its plant located at Union, New Jersey, quoted prices to Ascher, also a New Jersey corporation, with its principal office in Newark, New Jersey, for the sale of wire to be manufactured under certain military specifications. Ascher was purchasing said wire for resale and delivery to L. H. Chant Electric Company (Chant), a New Mexico corporation, which latter corporation, in turn, had contracted with the Atomic Energy Commission for the installation thereof in a test track at Sandia, New Mexico. On February 14, 1956 Ascher confirmed the purchase. The wire was delivered by U. S. Wire directly to Chant. It allegedly failed

to function to the requirements of the Atomic Energy Commission and, having been condemned and rejected, payment therefor to Chant was refused by said Commission. Chant filed suit in the New Mexico courts against Ascher on February 28, 1958, alleging that Ascher had breached an express warranty in that the wire was not manufactured according to specifications and an implied warranty of fitness for the purpose for which said wire was to be used.

By letter dated March 11, 1958 Ascher advised U. S. Wire of the institution of suit by Chant. This communication suggested the necessity of cooperation between Ascher and U. S. Wire in the defense thereof, and advised:

"\* \* \* In the event that the Chant Company is successful in the Albuquerque action, Ascher Corporation will hold your company responsible for any sums that they have to pay to the Chant Company based upon your warranty, as well as all of its costs and expenses that it may incur in defending the New Mexico action."

The concluding paragraph reads:

"We are giving you timely notice of the institution of this law suit and we would like an early indication on your part as to what part you will play in defending the suit."

David N. Ravin, Esq., counsel for U. S. Wire, replied by letter dated April 7, 1958, a portion of which reads:

"In other words, this letter and the proposals contained therein would have to be the basis for an agreement between Ascher and United States Wire and Cable Corp., which would provide that the assistance rendered by United States Wire and Cable would be without prejudice. Frankly, that is the only basis upon which our client would become involved to any extent whatsoever."

On April 10, 1958, on motion of counsel for Ascher, the suit was removed from the New Mexico court to the United States District Court for the District of New Mexico. Ascher, through counsel of its own selection, proceeded to file the necessary pleadings, including an answer and counterclaim;

to make various motions; and to undertake extensive discovery proceedings. On October 3, 1958 the aforementioned counsel for U. S. Wire received a letter dated October 2, 1958 from Ascher's counsel, which reads in part:

"* * * You and your client have lent assistance to the preparation of the defense of this action but have not assumed responsibility for the outcome of the action, and therefore at this time, *shortly before the date for trial*, I wish to spread it on the record once again that we request that your client take over the responsibility for the defense of this action and the assumption of any liability which may be adjudged." (Emphasis supplied)

U. S. Wire having failed to accede to the demand of October 2, 1958, Ascher proceeded to trial on October 20, 1958 with its own counsel. On October 24, 1958 the court made specific findings of fact and conclusions of law identical with those requested by Chant and rendered a judgment for Chant in the amount of $11,859.15, on the ground that the wire did not comply with the specifications therefor. Ascher having afforded U. S. Wire an opportunity to appeal from the judgment, which offer was refused, paid and satisfied the same.

On December 24, 1958 U. S. Wire filed suit in New Jersey against Ascher on an open book account seeking recovery of $5,281.61. Ascher filed an answer and counterclaim seeking the recovery of the amount of the Chant judgment and costs incident to the defense thereof and interest on an account garnished in that suit. By way of answer to the counterclaim U. S. Wire denied that it breached any express warranty and that there were any implied warranties of fitness for a particular use.

Subsequent to pretrial conference in this action, Ascher moved for summary judgment, relying upon the pleadings and pretrial order in the present suit and the judgment roll of the Chant suit. Ascher bottomed its motion upon the theory that U. S. Wire having been "vouched in" in the Chant suit and having refused to undertake the defense of that suit, was estopped from relitigating in New Jersey any

issues settled in New Mexico, and hence the judgment rendered in New Mexico was binding on it. After argument, the trial court granted Ascher's motion.

Upon application to the Appellate Division leave was granted U. S. Wire to appeal. This court certified the appeal on its own motion. *R. R.* 1:10–1.

U. S. Wire urges a number of arguments for reversal. In the light of what here follows it is necessary only to treat of the argument that U. S. Wire did not receive a sufficient demand to take over the defense of the suit in New Mexico to constitute a vouching in in that action.

██ The theory of "vouching in" upon which defendant relies was known to the ancient common law. *Hoppaugh v. McGrath*, 53 *N. J. L.* 81 (*Sup. Ct.* 1890). It is a method by which a party who is sued for a cause of action for which he has a remedy over against a third party for his indemnity, whether such a right of indemnification arises by implication of law or contract, may, by giving notice of the suit to the person ultimately liable, and requesting him to defend, make recovery in that case conclusive evidence of the indemnitor's liability and the *quantum* of the damages in a subsequent suit for the indemnity, whether the third party appear and make defense or not. *Hoppaugh v. McGrath, supra; Restatement, Judgments,* § 107 (1942); 50 *C. J. S., Judgments,* § 811 (1947); 30A *Am. Jur., Judgments,* § 415 (1958); 1 *Freeman on Judgments,* § 444 (*5th ed.* 1925). It has largely been supplanted by the modern third party practice. That is not to say that it was eliminated but rather that it is supplemented thereby. *Cf. Scaglione v. St. Paul-Mercury Indemnity Co.,* 28 *N. J.* 88, 104 (1958).

█ In order for an indemnitor to be bound by a judgment in a suit in which he was not a nominal party it is essential that (1) the indemnitor have timely notice of the institution of suit, be requested to undertake the defense of the action, and be afforded opportunity to defend the action, and (2) the issues are such as to afford the indemnitor an opportunity to litigate whether there had been a breach of

his contract or obligation to indemnify. 1 *Freeman, Judgments, supra,* §§ 448, 449.

Counsel has not cited, nor has this court discovered, any authority in New Jersey establishing the specific particulars which must be included in such a notice by the indemnitee to the indemnitor. Nor is there any unanimity outside of this State. 50 *C. J. S., supra,* § 812; 30A *Am. Jur., supra,* § 417; 1 *Freeman, Judgments, supra,* §§ 447, 449. However, the better rule deduced from an examination of the out of State cases, and which is herewith adopted, is that such notice, whether written or oral, must contain full and fair information concerning the pending action and an unequivocal, certain and explicit demand to undertake the defense thereof, with an offer to surrender control of the action to the indemnitor at least to that portion of the claim for which the indemnitee seeks ultimately to hold the indemnitor liable. The notice should be given so shortly after the institution of suit as to permit a complete control of pretrial proceeding by the indemnitor. See 1 *Freeman on Judgments, supra,* § 449; 30A *Am. Jur., supra,* § 420; 50 *C. J. S., supra,* § 812; *Hoppaugh v. McGrath, supra; Restatement, Judgments, supra,* § 107, comment (e), at *p.* 515.

The letter of March 11, 1958 did not contain any demand to assume the defense of the action, let alone an unequivocal, certain and explicit demand, nor did Ascher even inferentially offer to surrender control of any portion of the Chant suit. The letter of October 2, 1958 did make sufficient demand and at least impliedly did offer to surrender control thereof. However, this notice was not timely, in that it was given 17 days before actual trial and at a time when all proceedings preliminary to trial had been accomplished by counsel of Ascher's own selection. As Ascher noted, that demand was made "shortly before the date for trial." For these reasons Ascher failed to give the timely notice required to vouch in U. S. Wire in the New Mexico action, and the summary judgment was improperly granted.

Reverse and remand for plenary trial, with leave to defendant to amend its counterclaim.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and HANEMAN—6.

*For affirmance*—None.