Bert E. **BLOCH,** a single man, Plaintiff-Appellant,

v.

**ARROWHEAD–PURITAS WATERS, INC., a California corp.,** Defendant-Appellee.

No. 85–2099.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 1986.

Decided Aug. 29, 1986.

Alan M. Schiffman, Phoenix, Ariz., for plaintiff-appellant.

Kimberly J. Graber, Snell & Wilmer, Phoenix, Ariz., for defendant-appellee.

Before NELSON, CANBY and NOONAN, Circuit Judges.

CANBY, Circuit Judge.

Bert E. Bloch appeals the grant of summary judgment in favor of Arrowhead-Puritas Waters, Inc. We affirm.

## FACTS:

Bert E. Bloch was injured in 1978 while handling a glass water bottle supplied by Crystal Bottled Waters (Crystal). Bloch filed a claim with Crystal, and Crystal's liability carrier notified Arrowhead-Puritas Waters, Inc. (Arrowhead) of Bloch's claim. Crystal asserted that Arrowhead was the manufacturer of the bottle and requested that Arrowhead assume the defense of Bloch's claim. Arrowhead requested proof of its liability, but Crystal did not respond and treated Arrowhead's letter as a denial of the request to defend Crystal.

On September 19, 1980, Bloch filed an action in state court against Crystal.[1] On May 11, 1982, counsel for Crystal tendered the defense of Bloch's suit to Arrowhead by letter. Arrowhead did not respond, and Crystal's counsel did not follow-up. In September 1982, Crystal and Bloch entered into a *Damron* agreement, *see Damron v.* *Sledge*, 105 Ariz. 151, 460 P.2d 997 (1969), limiting Crystal's liability and assigning to Bloch any rights Crystal might have to indemnification from Arrowhead. Arrowhead was not notified of the agreement. Bloch's action against Crystal was tried to the judge in state court, and judgment in the amount of $475,000 was entered against Crystal. Crystal did not appeal.

Bloch subsequently filed a state court action against Arrowhead asserting the assigned indemnification claim. Arrowhead removed the action to federal district court on the basis of diversity. Both parties moved for summary judgment. The district court denied Bloch's motion for summary judgment and granted summary judgment to Arrowhead. Bloch appeals.

## DISCUSSION:

### I. *Standard of Review*

The grant of summary judgment is reviewed under a de novo standard. We apply the same test as the district court. *Rickards v. Canine Eye Registration Foundation, Inc.*, 783 F.2d 1329, 1332 (9th Cir.1986). All of the evidence and factual inferences are viewed in the light most favorable to the nonmoving party. *Id.* We may uphold summary judgment only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.* (citing *Alaska v. United States*, 754 F.2d 851, 853 (9th Cir.1985)). Issues of state law are reviewed de novo. *Matter of McLinn*, 739 F.2d 1395, 1398 (9th Cir.1984) (en banc). We have jurisdiction under 28 U.S.C. § 1291.

### II. *Duty to Defend*

Bloch contends that Arizona Revised Statutes section 12–684(A) imposes upon the manufacturer of an allegedly defective product the duty to defend the seller of the product in a products liability suit. As the district court recognized, Bloch's argument is not supported by the plain language of the statute. *See Arizona Security Center, Inc. v. Arizona*, 142 Ariz.

---

1. Arrowhead was later served in this action. However, Bloch dismissed his claim against Arrowhead because the statute of limitations had run.

242, 689 P.2d 185, 187 (App.1984) ("the language of a statute is best and most reliable index of its meaning, and where language is clear and unequivocal it is determinative of its construction").

In order for section 12–684(A) to apply to require a manufacturer to indemnify[2] a seller for a judgment in a products liability action and to reimburse the seller for costs and attorneys fees, (1) the seller must have tendered the defense of the action to the manufacturer, (2) who refused to accept the tender of defense, and (3) the statutory defenses do not apply. " '[C]ourts will not inflate, expand, stretch or extend a statute to matters not falling within its expressed provisions.' " *Arizona Security Center, Inc.*, 689 P.2d at 187 (quoting *City of Phoenix v. Donofrio*, 99 Ariz. 130, 407 P.2d 91 (1965)). Section 12–684(A) does not say that a manufacturer has a duty to defend a seller who has tendered the defense of a products liability action; section 12–684(A) merely spells out the consequences of refusing a tender of defense and limits the defenses available to the manufacturer who refused the tender. We, therefore, find that section 12–684(A) did not impose upon Arrowhead a duty to defend the seller, Crystal, of the bottle that Arrowhead had allegedly manufactured.

## III. *Validity of Tender of Defense*

■ The district court granted summary judgment to Arrowhead on the ground that Crystal's tender of defense to Arrowhead was insufficient as a matter of law. We agree.

Section 12–684(A) requires that a seller of an allegedly defective product tender the defense of the action to the manufacturer to reap the benefits of the statute. The Arizona products liability statutes do not define "tender of defense," *see* Ariz.Rev. Stat.Ann. § 12–681, but guidance has been provided by the Arizona appellate courts.

The Arizona Court of Appeals discussed the requirements for a sufficient notice of tender of defense in *Litton Systems, Inc. v. Shaw's Sales & Service, Ltd.*, 119 Ariz. 10, 579 P.2d 48 (App.1978).

The notice, whether written or oral, must contain full and fair information concerning the pending action and an unequivocal, certain and explicit demand to undertake the defense thereof, with an offer to surrender control of the action to the indemnitor at least as to that portion of the claim for which the indemnitee seeks ultimately to hold the indemnitor liable. The notice should be given as soon after the institution of suit as to permit complete control of pretrial proceedings by the indemnitor. *U.S. Wire & Cable Corp. v. Ascher Corporation*, [34 N.J. 121, 167 A.2d 633 (1961)].

*Litton Systems, Inc.*, 579 P.2d at 52.

At the time Crystal tendered the defense of Bloch's action to Arrowhead, the parties had already engaged in months of discovery. Voluminous interrogatories had been submitted and answered. Depositions, including that of the plaintiff Bloch, had been taken. Consequently, the tender to Arrowhead almost 20 months after the filing of Bloch's action and after substantial discovery had been completed did not constitute notice "as soon after the institution of the suit as to permit complete control of pretrial proceedings" by Arrowhead. *Litton Systems, Inc.*, 579 P.2d at 52. Crystal's tender of defense to Arrowhead was, therefore, insufficient as a matter of law.

Bloch argues that, even if Crystal's tender to Arrowhead was invalid, his action should not be dismissed because a common law right of indemnification exists. Arrowhead contends that Bloch's common law argument was not presented to the district court. We need not address this issue, because it is clear that there was no attempt by Crystal to "vouch in" Arrowhead

---

**2.** The title of § 12–684, "Indemnification; tender of defense; execution," supports an interpretation of the statute as one for indemnification and not imposing a duty to defend. *See*

*State v. Shepler*, 141 Ariz. 43, 684 P.2d 924, 925 (App.1984) (statute's title may be considered in attempting to interpret legislature's intent).

under common law indemnity principles in order conclusively to bind Arrowhead, as a potential indemnitor, to the judgment in Bloch's liability action. *See Foremost-McKesson Corp. v. Allied Chemical Co.*, 140 Ariz. 108, 680 P.2d 818, 821 (App.1983) ("A prima facie case of vouching in is made where the vouchee has been given timely and sufficient notice and tendered the defense of the underlying action, ... and the vouchee has actual or constructive knowledge of its ultimate liability.")

AFFIRMED.