547 P.2d 476
STATE of Arizona, Appellee,
v.
David Leonard PAKULA, Appellant.
No. 3168–PR.

Supreme Court of Arizona,
In Banc.
March 25, 1976.

N. Warner Lee, The Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Slutes, Zlaket, Sakrison & Wasley by D. Thompson Slutes, Tucson, for appellant.

HOLOHAN, Justice.

The defendant was charged by information with 11 counts of obtaining money by false pretenses and entered a plea of guilty to all counts. The superior court sentenced the defendant to not less than one nor more than five years imprisonment on Count One, and suspended imposition of sentence on Counts 2 through 11, placing him on probation for three years on each Count, to run consecutively. The net effect being that the defendant was sentenced to a period of imprisonment and a total of 30 years of probation. The defendant filed a timely appeal from the judgment and sentence. The Court of Appeals, Division Two, affirmed the judgment and sentence. *State v. Pakula,* 23 Ariz.App. 219, 532 P.2d 161 (1975). This Court granted review. The opinion of the Court of Appeals is vacated.

On appeal, defendant claims that the sentence was illegally imposed in that the sentencing court, contrary to the procedure described by 17 A.R.S. Rules of Criminal Procedure, did not disclose to the defendant the reason for excising a portion of the presentence report.

The presentence report was prepared in two documents, Parts I and II. Part I of the report stated that additional information not contained in the report was appended to the file and that additional information not contained in Part I was contained in Part II.[1] The record discloses that counsel for the defendant was aware that there were additional matters not covered in the report.[2] However, counsel for the defendant did not object to this omission at the superior court level or in any

---

1. The presentence report—part 1, page 17 states in part: *"DECLARATION OF NON-DISCLOSED ITEM:* Appended in Part II of this report is information under headings Summary, Treatment Program, and Recommendation, which information is not for disclosure."

2. [Defense counsel]: "Yes. I know when I address you, Your Honor, that you have given this matter a lot of thought. You have had the benefit of an excellent probation report from Mr. Johnson, and I am sure there's letters in the file and other considerations you have considered, plus your experience in these matters."

fashion suggest dissatisfaction with the procedure. There was no request ever made to examine the material in Part II. We agree that the procedure was not in accord with the provision of Rule 26.6(c) of the Rules of Criminal Procedure, 17 A. R.S. Any error was waived by the failure to object. *State v. Magallanes*, 110 Ariz. 235, 517 P.2d 505 (1973).

■ Defendant complains that his sentence is excessive, especially the confinement imposed under Count I. When the sentence is within the statutory limits we will not disturb it in the absence of unusual circumstances amounting to a clear abuse of the sentencing court's discretion. *State v. Waldrip*, 111 Ariz. 516, 533 P.2d 1151 (1975); *State v. Villa*, 111 Ariz. 371, 530 P.2d 363 (1975); *State v. McDonald*, 111 Ariz. 202, 526 P.2d 698 (1974). We find no abuse of discretion in the sentence imposed on Count I.

The defendant urges that the consecutive probationary period for the remaining counts is excessive and unreasonable. The more fundamental question is whether the sentence as imposed by the superior court on the remaining ten counts was a legally permissible sentence.

■ The power of the superior court to suspend a sentence must be found in the statutes of the state. The superior courts of this state have no inherent power to suspend the imposition or execution of sentence in any case. *State v. Bigelow*, 76 Ariz. 13, 258 P.2d 409 (1953). The authority to suspend imposition of a sentence is found in A.R.S. § 13–1657. It is clear from the statute that the suspension of the sentence may not exceed the maximum term which could have been imposed for the offense. A.R.S. § 13–1657(A)(1). In this case the suspension of sentence on each count did not exceed the maximum allowed for the offense, but appellant argues that the total period of suspension does exceed the maximum term provided for the offense. By ordering consecutive periods of probation the trial court "stacked" the probationary periods.

■ There is no express provision by statute or rule which permits the superior court, on multiple counts in the same information, to impose consecutive periods of probation. Under the 1939 Code, ACA 44–2226, and the 1956 Rules of Criminal Procedure, Rule 339, the terms of imprisonment on two or more offenses charged in the same indictment or information would be served concurrently unless the court expressly directed that they be served consecutively. Division One of the Court of Appeals in *State v. Cutting*, 15 Ariz.App. 311, 488 P.2d 667 (1971) held that the foregoing authority compelled the conclusion that the superior court had no power to impose consecutive terms of probation on a conviction under a multi-count indictment or information. The authority for consecutive sentences on counts within the same information or indictment was limited to instances of imprisonment. The current Rules of Criminal Procedure, Rule 26.13, contain substantially the same provisions as those referred to above.

The issue in this case has not been before us in this posture. In *State v. Ortiz*, 98 Ariz. 65, 402 P.2d 14 (1965) a sentence by a trial court providing for confinement on some counts followed by a period of probation on the remaining count was modified by this Court, and the suspended sentence was made to run concurrent with the period of confinement. No discussion of the legality of the sentence was presented. In *State v. Evans*, 109 Ariz. 491, 512 P.2d 1225 (1973) this Court pointed out that the use of confinement as a condition of probation was strictly limited to the period provided by A.R.S. § 13–1657, not to exceed one year in the county jail.

The sentence pronounced in the case at issue mixes confinement in the state prison with probation following the imprisonment. The trial court was no doubt attempting to insure that appellant make restitution for the funds illegally obtained. The sentence, however, conflicts with the structure of the sentencing process in Arizona. In *State v. O'Donnal*, 110 Ariz. 552, 521 P.2d 984

(1974) this Court pointed out that the control of the sentence process was a balance among the legislative, executive, and judicial branches of our state government. The legislature sets the sentencing limits and distributes the authority to control the sentence, within those limits, in the courts, correctional authority, and the parole board. When a trial court attempts to mix periods of state imprisonment followed by probation it places the court in possible conflicts with the executive departments since the control of the length and type of confinement has been granted to that department. The parole board can grant parole with supervision in the corrections department, and the efforts of the executive department in a rehabilitation effort may not be in harmony with the objectives of the court's probation department. The executive could permit the defendant to reside outside of the state, but this could conflict with the intention of the court to effect restitution.

It also appears that the legislative policy is that courts should either confine or suspend a sentence but not both. Until 1970 there was no authority for the superior court to use confinement as a condition of probation. *State v. Evans, supra*; *State v. Van Meter*, 7 Ariz.App. 422, 440 P.2d 58 (1968). In 1970 the legislature amended A.R.S. § 13–1657 to permit the use of county jail confinement as a condition of probation in a suspended sentence. It is to be noted that the place of confinement was limited to the county jail which is consistent with the policy that probation supervision remains a matter of local responsibility.

When it is considered that probation is under the supervision of the courts and confinement is under the supervision of the executive department; that there is no specific authority for consecutive terms of probation much less consecutive terms of confinement and probation, we conclude that the consecutive terms of probation following imprisonment in the state prison was not an authorized sentence. The sentence on Count One is affirmed, but the sentence as to Counts 2 through 11 inclusive is set aside, and the cause is remanded to the superior court for imposition of a legal sentence on these Counts consistent with the views expressed in this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.