570 P.2d 763

STATE of Arizona, Appellee,

v.

**Phillip Lowell CARTER, Appellant.**

No. 3840–PR.

Supreme Court of Arizona,
In Banc.

Oct. 6, 1977.

Bruce E. Babbitt, Atty. Gen. by Russell Piccoli, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

HOLOHAN, Justice.

The appellant, Phillip Carter, was found guilty by a jury of unlawful possession of marijuana and unlawful possession of a narcotic drug on June 18, 1975. The jury also found the allegation of a prior conviction to be true. On July 11, 1975 appellant was placed on five years' probation on each of the charges. The court ordered that the probation terms be served consecutively. As a condition of each of the probations appellant was also ordered to serve consecutive one-year jail terms. No reference to appellant's prior conviction was made in the court's order.

Appellant served his probationary jail term in the Pima County Jail, received certain time credits, and was released from custody on June 21, 1976. A Petition to Revoke Probation wherein appellant was charged with failure to report to his probation officer and with stealing a set of headphones from a Tucson audio equipment store was issued on July 21, 1976. At the probation violation hearing the court specifically found that appellant had stolen the headphones as charged. The court revoked appellant's probation on the possession of marijuana charge and sentenced him to serve not less than 10 years nor more than 10 years and one month in the Arizona State Prison to date from July 26, 1976.

At the probation revocation hearing, without objection from the defense, the trial court amended the former order granting probation on the possession of a narcotic drug case by increasing the term of probation from five to ten years to commence as of July 11, 1975. The trial court declined to revoke the probation on the foregoing charge and continued the probation concurrent with the above mentioned prison sentence. A timely appeal from the revocation of probation and sentence thereon was filed. In a memorandum opinion the Court of Appeals, Division Two, affirmed the probation revocation and sentence. *State v. Carter*, No. 2 CA–CR 945 (Ct.App. Feb. 16, 1977). The appellant filed a petition for review. We granted review. The opinion of the Court of Appeals is vacated.

Appellant raises two issues in his appeal from the probation revocation and sentence:

1. Did the trial court err in allowing hearsay testimony at the probation violation hearing?

2. Did the trial court err when it imposed concurrent terms of probation and imprisonment?

In his appeal appellant first argues that the trial court erred when it allowed hearsay testimony by a police officer at the probation violation hearing. The officer's testimony related to statements

made by appellant's companion when appellant was arrested for stealing the headphones. Appellant contends that this testimony constituted unreliable hearsay. Because we believe that there was sufficient evidence, excluding the challenged hearsay testimony, to support the trial court's finding that a probation violation had occurred, we need not decide the contention that the officer's testimony was inadmissible. *State v. Smith*, 112 Ariz. 416, 542 P.2d 1115 (1975). A probation violation may be established by a preponderance of the evidence which may include hearsay. 17 A.R.S. Rules of Criminal Procedure, rule 27.7(b)(3); *State v. Smith, supra; State v. Jameson*, 112 Ariz. 315, 541 P.2d 912 (1975). At the violation hearing the owners of the audio equipment store testified that appellant entered their store and tried on a set of headphones and that immediately after he left the headphones were missing. The owners then chased appellant to an apartment complex where he was stopped near a hallway in which the headphones were found shortly thereafter. We believe that the testimony by the owners was sufficient to establish the probation violation independent of any hearsay testimony by the arresting officer. *State v. Smith, supra.*

The appellant also argues that the trial court erred when it revoked his probation on the possession of marijuana charge and imposed a prison term while it continued his probation on the charge of possession of a narcotic drug. We agree that the imposition of concurrent terms of probation and prison was not legally permissible.

█ At the time appellant was originally sentenced, the trial court imposed consecutive terms of probation but did not specify which term was to begin as of the sentencing date specified in its order and which term was to commence five years later. The consecutive probation terms did not constitute a legally permissible sentence. *State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976). The trial court's original illegal sentence was not appealed.

The trial court's action at the probation disposition hearing held on August 23, 1976 only compounded the original sentencing error. As the facts in this case graphically illustrate, numerous problems may arise if a trial court is permitted to grant consecutive terms of probation. At the disposition hearing the trial court noted that appellant's original sentence failed to consider the allegation of a prior conviction. In an attempt to correct this oversight the trial court, without objection from the defense, modified the consecutive five-year probation terms to concurrent 10-year probation terms. We believe this correction was based upon an erroneous interpretation of the increased penalty provisions of A.R.S. § 13–1649.

█ The trial court indicated its view that the increase in *probation terms* was mandated by the sentencing provisions of A.R.S. § 13–1649. We do not believe that the increased penalty provisions of this statute apply to the imposition of probation terms. The trial court's power to grant probation is not inherent but is derived from the statutory authority of A.R.S. § 13–1657. *State v. Pakula, supra; State v. Bigelow*, 76 Ariz. 13, 258 P.2d 409 (1953). The maximum term of probation which may be imposed is controlled by A.R.S. § 13–1657 A.1. The only effect A.R.S. § 13–1649 has upon the length of probation is to increase the maximum term which the trial court may impose under A.R.S. § 13–1657 A.1. An increase in the maximum term of probation, however, is not mandatory since the trial court may still exercise its discretion to grant a term of probation less than the allowable maximum. A.R.S. § 13–1649 applies only to the increase in *prison term* which the trial court must impose if a prior conviction is alleged and found to be true. *See State v. Evans*, 109 Ariz. 491, 512 P.2d 1225 (1973).

After the trial court modified the original terms of probation the court revoked appellant's probation on the possession of marijuana charge and imposed a prison sen-

tence. The probation given on the charge of possession of a narcotic drug was continued concurrent with the prison term. We recognize the trial court's authority to modify appellant's probation under A.R.S. § 13–1657 D, but we cannot approve of such modifications under the circumstances presented in this case.

The trial court's revocation of the probation for possession of marijuana and imposition of a prison term while continuing the probation on the possession of a narcotic drug charge is impermissible. As we noted in *State v. Pakula, supra*, this type of sentencing attempts to mix confinement in the state prison with probation. Our reasoning in *Pakula* is equally applicable where, as here, a defendant is given concurrent terms of prison and probation. In its memorandum opinion the Court of Appeals noted that we have previously approved such a sentencing procedure in *State v. Ortiz*, 98 Ariz. 65, 402 P.2d 14 (1965). In *Pakula* we pointed out that no discussion of the legality of the final sentence imposed by this court was presented in *Ortiz*. It is our opinion that this court's action in *Ortiz* was taken only to relieve the defendant of the severity of the sentence and therefore should be limited to the facts presented in that case.

Pursuant to the authority given to this court under A.R.S. § 13–1717, appellant's probation on the possession of a narcotic drug charge is terminated and he is discharged from further obligations of probation.

Since the evidence and law support the trial court's revocation of appellant's probation on the possession of marijuana charge and subsequent sentence to the Arizona State Prison for a period of not less than 10 years and not more than 10 years and one month, the judgment of the trial court in that matter is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.