584 P.2d 561

**STATE of Arizona, Appellee,**

v.

**George Washington JORDAN, Appellant.**

**No. 4174.**

Supreme Court of Arizona,
En Banc.

Sept. 14, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. La Sota, Jr., Atty. Gen. by William J. Schafer III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Tucker & DeRoon by Oral W. Tucker, Jr., Phoenix, for appellant.

HAYS, Justice.

Appellant George Washington Jordan pleaded guilty to two counts of burglary. Imposition of sentence was suspended, and he was given five years probation on each charge, the terms to run concurrently. Jordan's probation in both counts was subsequently revoked, and he was sentenced to prison on both charges.

The Court of Appeals reversed the probation revocation in a memorandum decision filed October 23, 1975 (1 CA–CR 960 and 1 CA–CR 961 consolidated). Jordan was resentenced February 27, 1976 to a term of four to five years in the Arizona State Prison on one charge; he was also placed on six years probation on the other count, the probation to run concurrently with the imprisonment.

A second petition to revoke Jordan's probation was later filed. Jordan moved the court to dismiss the petition for probation revocation and to terminate his probation on the grounds that under *State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976), the probation had been unlawfully imposed. This motion was denied, and on May 25, 1977, he was sentenced to the Arizona State Prison for five to six years. Prior to that date, Jordan had successfully completed parole on the other charge for which he had been imprisoned. Appeal was taken to the Court of Appeals, and the Supreme Court has jurisdiction under 17A A.R.S. Supreme Court Rules, Rule 47(e).

Jordan contends that the trial court was without authority to impose concurrently a prison sentence and probation, and that therefore the revocation of probation should be set aside, and he should be released. The state argues that Jordan has waived his right to appeal from the concurrent imposition of imprisonment and probation because his appeal is not timely.

When granting probation, the trial court has only that authority given by the statutes of Arizona. *State v. Pakula, supra.* This court has previously ruled that

Arizona statutes do not authorize trial courts to sentence a convicted person concurrently to both prison and probation. *State v. Carter*, 116 Ariz. 595, 570 P.2d 763 (1977). A court has no jurisdiction to take actions for which it has no authority. *See State v. Howard Circuit Court*, 237 Ind. 263, 145 N.E.2d 4 (1957); *In re Kennedy*, 110 N.W.2d 365 (N.D.1961). The usual time limits for appeal do not apply to an appeal from an act of a court which was beyond the court's jurisdiction. *See Price v. Sunmaster*, 27 Ariz.App. 771, 558 P.2d 966 (1976); *Walls v. Stewart Building & Roofing Supply, Inc.*, 23 Ariz.App. 123, 531 P.2d 168 (1975). Thus, Jordan may now raise the propriety of his concurrent imprisonment and probation.

Since the trial court had no jurisdiction to order Jordan imprisoned and concurrently to place him on probation, the probation is void. Jordan has already completed the prison sentence and accompanying parole, but he should be released from the unlawful probation and all its effects.

The revocation of the void probation is rescinded, and the trial court is ordered to release Jordan from incarceration and from any obligations under the unlawful probation.

Remanded for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.