593 P.2d 943

**The STATE of Arizona, Appellee,**

v.

**Paul Valles CATALAN, Appellant.**

**No. 2 CA–CR 1584.**

Court of Appeals of Arizona, Div. 2.

Feb. 23, 1979.

Rehearing Denied April 4, 1979.

Review Denied April 24, 1979.

**194**

Robert K. Corbin, Atty. Gen., Phoenix, by William J. Schafer, III, Asst. Atty. Gen., Phoenix, and Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Carmine A. Brogna, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Prior to the effective date of Arizona's new Criminal Code, October 1, 1978, could the trial court place a defendant on probation if he is already serving a term in the Arizona State Prison for another offense?[1] That is the issue to be determined here.

The record shows that on March 6, 1975 the Honorable Mary Anne Richey, Judge of the Pima County Superior Court, sentenced appellant to the Arizona State Prison for a term of not less than two nor more than four years. Approximately two months later she placed appellant on five years' probation for a separate offense, unlawful possession of narcotics for sale. She ordered

that the 30-day incarceration mandated as a condition of probation for this particular narcotics offense be served concurrently with the term he was then serving in prison. The trial court also noted that appellant would be released from prison prior to expiration of the probation period and that he should immediately report to the adult probation office upon release.

On August 30, 1977, subsequent to appellant's release from prison on parole and his successful completion of parole, a petition was filed to revoke his probation in the narcotics case. At the violation hearing appellant contended that the proceeding should be dismissed because the probation violated the holdings in *State v. Carter*, 116 Ariz. 595, 570 P.2d 763 (1977) and *State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976). Specifically, he asserted the trial court could not mix probation with a prison term. The trial court disagreed, ordered him to be confined in the county jail for six months and continued probation.

In *Pakula* the defendant was sentenced to prison on one count of a multiple-count information. He was placed on probation for three years on each of the remaining ten counts to run consecutively. The Supreme Court first addressed the issue of whether a trial court could impose consecutive periods of probation. The Court held that it could not because:

"There is no express provision by statute or rule which permits the superior court, on multiple counts in the same information, to impose consecutive periods of probation." 113 Ariz. at 124, 547 P.2d at 478.

The Court next discussed the propriety of mixing confinement in the state prison with probation following the imprisonment and held that such a sentence structure was improper.

The state asserts that the *Pakula* rule only applies when there is a multiple-count indictment or information. But does it?

---

1. A.R.S. Sec. 13–903(D) now provides: "If probation is imposed on one who at the time is serving a sentence of imprisonment imposed on a different conviction, service of the sentence of imprisonment shall not satisfy the probation."

Turning to the rationale enunciated in *Pakula* for the rule that confinement and probation cannot be mixed, we find this language:

"It also appears that the legislative policy is that courts should either confine or suspend a sentence but not both." 113 Ariz. at 125, 547 P.2d at 479.

This statement suggests that the Court is referring to the multiple-count case, but there is other language in the opinion which casts doubt on such a conclusion:

"When a trial court attempts to mix periods of state imprisonment followed by probation it places the court in possible conflicts with the executive departments since the control of the length and type of confinement has been granted to that department. The parole board can grant parole with supervision in the corrections department, and the efforts of the executive department in a rehabilitation effort may not be in harmony with the objectives of the court's probation department. The executive could permit the defendant to reside outside of the state, but this could conflict with the intention of the court to effect restitution." 113 Ariz. at 125, 547 P.2d at 479.

The Court then concludes that the trial court cannot impose a prison sentence followed by probation for two reasons: (1) probation is under the supervision of the court and confinement is under the supervision of the executive department and (2) there is no specific authority for such a sentence.

In *State v. Carter,* supra, the Court held that their reasoning in *Pakula* is equally applicable to concurrent terms of prison and probation and that such mixture of confinement and probation is improper. See also *State v. Jordan,* 120 Ariz. 97, 584 P.2d 561 (1978). We note that *Pakula, Carter* and *Jordan* all involved multiple-count indictments or informations.

What touchstone are we to apply as the result of these cases? Is it the multiple-count indictment? Is it the conflict between the judicial and executive branches of the government? Or, is it the lack of specific authority? If the test is whether there will be a conflict between two branches of the state government, then a trial judge cannot sentence a person to prison for one offense if he is on probation for another separate offense and the judge who placed him on probation refuses to revoke it because that would result in concurrent prison and probation sentences, which were condemned in *Carter.* Such a conclusion, however, would be absurd. It would give a defendant a license to commit crimes.

In *State v. Patton,* 120 Ariz. 386, 586 P.2d 635 (1978) we have the reverse of the situation here. There, defendant was placed on probation for five years by a trial judge who had knowledge of a pending burglary charge. Five months later he was convicted of the burglary charge and sentenced to the state prison. Although the issue in *Patton* was whether the second judge abused his discretion in not placing the defendant on probation in view of the action of the first judge, the fact that the defendant was simultaneously on probation and serving a prison term was evident. Yet, the Court in *Patton* held that the sentence imposed was permitted, stating:

"The granting of probation by a judge on one charge is in no way binding on another judge who is sentencing a defendant on a totally unrelated charge." 586 P.2d at 639.

*Patton* lends weight to the conclusion that the determinative criterion is the multiple-count indictment. But there are further questions. Suppose a defendant has been charged with two separate crimes, which have been joined in a two-count indictment pursuant to Rule 13.3, 17 A.R.C.P., and suppose pursuant to Rule 13.4 they are severed for trial. He goes to trial on Count One and after being found guilty is placed on probation. Two months later he goes to trial before another judge on Count Two and is found guilty. Can he be sentenced to prison? Does the fact that the judges are different make any difference? Has he waived the benefits of *Pakula,* to-wit either to be put on probation or in prison, by asking for a severance? Can we conclude

that the multiple-count indictment is determinative or does the illegality of the sentences in *Pakula, Carter* and *Jordan* rest on some additional factor? We believe that it does and that these cases stand for the proposition that when a trial judge sentenced a defendant at the same time for more than one offense he had to either sentence him to prison or put him on probation, but he could not do both. The trial court did not violate the mandate of *Pakula* or *Carter* here.

Affirmed.

HATHAWAY, J., and RICHMOND, C. J., concurring.