601 P.2d 1064

The STATE of Arizona, Appellee,

v.

Clarence Edward JONES, Appellant.

No. 2 CA–CR 1564.

Court of Appeals of Arizona,
Division 2.

Feb. 23, 1979.

Rehearing Denied April 4, 1979.

Review Granted April 24, 1979.

Robert K. Corbin, Atty. Gen., Phoenix by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender by Allen G. Minker, Asst. Public Defender, Tucson,· for appellant.

OPINION

HOWARD, Judge.

The complications created by *State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976), and its progeny, *State v. Carter*, 116 Ariz. 595, 570 P.2d 763 (1977) and *State v. Jordan*, 120 Ariz. 97, 584 P.2d 561 (1978), mount.

On January 21, 1976, appellant was indicted in Pima County Cause No. A–29411 for conspiracy to commit armed robbery and attempted armed robbery. On September 10, 1976, he was indicted for second degree burglary and grand theft, Pima County Cause No. A–30939. He pled not guilty to the charges in both indictments. The charges in A–29411 were totally unrelated to those in A–30939.

Appellant subsequently entered into a plea agreement relative to these charges, appeared before the trial judge and pled guilty to conspiracy in number A–29411 and guilty to receiving stolen property in A–30939. The trial judge sentenced him to not less than four nor more than five years in the Arizona State Prison on the receiving conviction and put him on probation for 10 years on the conspiracy conviction.

Appellant was released from the Arizona State Prison on parole after approximately two years. A petition to revoke his probation was subsequently filed and, after a hearing, the trial court revoked his probation on the conspiracy conviction and sentenced him to the Arizona State Prison for not less than four nor more than five years.

Appellant contends that his motion to dismiss the petition to revoke should have been granted because the trial court was originally without authority to place him on probation and at the same time sentence him to prison. *State v. Pakula*, supra; *State v. Carter*, supra. We agree.

In *State v. Catalan*, 122 Ariz. 193, 593 P.2d 943 (1979), we posed various questions vis-a-vis the Supreme Court's trilogy of *Pakula*, *Carter*, and *Jordan* in order to extract from them a rule which can logically be applied to different potential factual situations. We did not pose the situation we have here, but we believe our reasoning and holding in *Catalan* apply.

In *Catalan*, we said that the *Pakula*, *Carter* and *Jordan* trilogy stood for the proposition that when a trial judge sentenced a defendant at the same time for more than

one offense, he had to either send the defendant to prison or put him on probation, but could not do both.

We can see no qualitative difference between *Carter,* which involved a multi-count indictment or information, and the situation here, where we have two separate indictments but a simultaneous sentencing on the charges in both indictments. What is the difference between this situation, for example, and a situation where the defendant is sentenced on a multi-count indictment, where the offenses charged are separate and distinct, but were joined under Rule 13.3, 17 A.R.C.P., because they were of the same character? We can perceive no difference.

The sentence is vacated and set aside and the court is ordered to terminate the unlawful probation.

RICHMOND, C. J., and HATHAWAY, J., concur.