595 P.2d 1030

The STATE of Arizona, Appellee,

v.

Charles Ervin ADAMS, Appellant.

No. 2 CA–CR 1557–3.

Court of Appeals of Arizona, Division 2.

March 30, 1979.

Rehearing Denied May 9, 1979.

Review Denied June 5, 1979.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by Allen G. Minker, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant questions the validity of his prison sentence resulting from revocation of his probation. He contends that the probation term was void because it was impermissibly mixed with a prison term.

Appellant committed a burglary on August 5, 1974, was convicted in Case No. A–26442 on April 15, 1975, and was placed on probation by Judge Garrett. Appellant committed another burglary on March 24, 1976, prosecuted in Case No. A–29895. On May 11, 1976, before Judge Pro Tempore James M. Howard, his probation was revoked because of the second burglary and he was sentenced to the Arizona State Prison for not less than one nor more than three years.

Appellant was convicted of the March 24, 1976, burglary and came before Judge Fenton for sentencing on July 16, 1976. Appellant's incarceration in the Arizona State Prison was brought to the court's attention and appellant was placed on probation for five years. The court's minute entry order explained:

"The defendant is currently in custody on another matter, and the Court is placing the Defendant on probation in this case so that he will have some supervision when he gets out of prison."

On June 7, 1978, appellant appeared before Judge Fenton on a petition to revoke the probation that Judge Fenton had granted him in 1976. An evidentiary hearing was held on June 29, 1978, where it was established that appellant, a felon, had in his possession two pistols on May 22, 1978, in violation of A.R.S. § 13–919.

■ At the dispositional hearing, held on July 12, 1978, counsel for appellant argued that the probation granted appellant in July of 1976, invalidly mixed probation and prison, bringing the judicial and executive branches into conflict as proscribed in State v. Pakula, 113 Ariz. 122, 547 P.2d 476 (1976), and State v. Carter, 116 Ariz. 595, 570 P.2d 763 (1977). On the basis of our analysis in the recent case of State v. Catalan, Ariz., 593 P.2d 943 (1979), we disagree. There, we held that Pakula and Carter stand for the proposition that:

"[W]hen a trial judge sentenced a defendant at the same time for more than one offense he had to either sentence him to prison or put him on probation, but he could not do both."

Here, as in Catalan, appellant was placed on probation while he was serving a prison term. We hold that his incarceration and inmate status at the time he was placed on probation does not invalidate the imposition of probation. State v. Catalan, supra.

■ Appellant also complains that the state did not prove that he was the same Charles Adams who was placed on probation and whose probation was revoked. Probation officer Talent testified he and appellant signed the conditions of probationary release and Talent identified him. The record indicates that Judge Fenton also may have recognized appellant from his previous appearance before the court at the time probation was given. Appellant complains that the judge thus became a witness and should have recused himself. No objection was made to Judge Fenton's continuing with the proceedings. In any event, we refuse to hold that if a judge recognizes a defendant from prior proceedings, the judge is disqualified in subsequent matters.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.