596 P.2d 53

The STATE of Arizona, Appellee,

v.

James Eugene KRAFT, Appellant.

Nos. 2 CA–CR 1637, 2 CA–CR 1638–2.

Court of Appeals of Arizona, Division 2.

April 10, 1979.

Rehearing Denied May 9, 1979.

Review Denied June 12, 1979.

Robert K. Corbin, Atty. Gen., by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Bruce A. Burke, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

On July 20, 1977, appellant was indicted for arson, second degree, in Cause No. A–33097. Pursuant to agreement, he entered a plea of guilty to arson, fourth degree, which was subsequently set aside by the court at the time set for sentencing. On December 21, 1977, an 11-count indictment charging him with six counts of theft of a motor vehicle, two counts of third degree arson and three counts of burglary was filed in Cause No. A–34151.

Pursuant to plea agreement, appellant pled guilty to the second degree arson charge (A–33097) and one count of first degree burglary (A–34151), and the other 10 counts were dismissed. The parties had agreed that the change of plea in both cases be presented to the same judge. The guilty pleas were accepted and appellant was committed to the department of corrections for not less than four nor more than five years on the arson conviction. On the burglary conviction he was placed on probation for 15 years.

Appellant challenges the court's authority to sentence him to prison and simultaneously place him on probation. We have recently held that when a trial judge sentences a defendant at the same time for more than one offense, he can either send the defendant to prison or put him on probation but cannot do both. *State v. Jones,* (2 CA–CR 1564, filed 2/23/79); *see also State v. Catalan,* 122 Ariz. 193, 593 P.2d 943 (1979). The sentence and order placing appellant on probation therefore must both be set aside. In view of our disposition we need not consider appellant's claim that the sentences are excessive.

Remand for resentencing is applicable here because unlike *State v. Jones,* supra, this is not the case of a defendant being sentenced to prison on violation of probation while already on parole after serving two years of the prison sentence previously imposed.

We also note that there is no authority for the sentence the court imposed on the arson conviction, committing appellant to the department of corrections rather than sentencing him to prison as required by A.R.S. § 13–232.[1] Even under the new criminal code effective October 1, 1978, which expressly provides for commitment to the custody of the department of corrections, a sentence of imprisonment for a felony is required. A.R.S. § 13–701(A).

The convictions are affirmed. The sentence on the arson conviction and order placing appellant on probation on the burglary conviction are vacated and the case is remanded for resentencing.

HOWARD and HATHAWAY, JJ., concur.

---

1. Transfer of adult inmates by the department of corrections between adult institutions or adult facilities after a sentence of imprisonment is authorized by A.R.S. § 41–1604(B)(2)(e).