601 P.2d 1060

**The STATE of Arizona, Appellee,**

v.

**Clarence Edward JONES, Appellant.**

**No. 4618–PR.**

Supreme Court of Arizona,
In Banc.

Sept. 24, 1979.

Rehearing Denied Oct. 30, 1979.

Robert K. Corbin, Atty. Gen., Phoenix by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender by Allen G. Minker, Asst. Public Defender, Tucson, for appellant.

CAMERON, Chief Justice.

This is a petition for review by the State of Arizona from a decision of the Court of Appeals vacating defendant Clarence Edward Jones' sentence after his probation revocation. We have jurisdiction pursuant to A.R.S. § 12–120.24 and Rule 31.19, Arizona Rules of Criminal Procedure, 17 A.R.S.

We must decide the following question on appeal: Does our previous case of *State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976) prevent a judge who is sentencing the same defendant charged in two separate indictments from imposing a prison sentence in one indictment and granting probation in the second indictment?

The facts necessary for a disposition of this matter on appeal are as follows. The defendant, Clarence Edward Jones, was indicted on 21 January 1976 for conspiracy to commit armed robbery and for attempted armed robbery. On 10 September 1976, he was indicted for second degree burglary and grand theft. Thereafter, the defendant entered into a plea agreement which disposed of both cases. He pled guilty to conspiracy in the first case and guilty to receiving stolen property in the second. The other counts were dismissed.

The trial court sentenced Jones in both cases on 8 November 1976. Jones received ten years probation on the count in the first indictment and a sentence of not less than four nor more than five years in prison on the count in the second indictment. After serving two years, Jones was released on parole. Later a petition to revoke probation was filed and, after a hearing, the trial court revoked the probation and Jones was then sentenced to prison for four to five years and he appealed.

The Court of Appeals, Division Two, relying on our decision in *Pakula*, supra, found the original probation was unlawful as having been mixed with the prison sentence and set aside the revocation of probation. We accepted jurisdiction in order to correct what we believe to be a misapplication of our previous decision in *Pakula*, supra, and resolve what the Court of Appeals referred to in its decision as the "complications" in the law as a result of *Pakula*, supra.

In the case of *State v. Pakula*, supra, a multi-count indictment, we held that (1) it was impermissible "on multiple counts in the same information, to impose consecutive periods of probation," and (2) that it was impermissible to mix confinement in the state prison on one count with probation on another count. This case was followed by *State v. Jordan*, 120 Ariz. 97, 584 P.2d 561 (1978) in which we stated, again in a multi-count indictment, that the trial court had no jurisdiction to impose a sentence and to concurrently place a defendant on probation. In *State v. Carter*, 116 Ariz. 595, 570 P.2d 763 (1977), the defendant was convicted of possession of marijuana and unlawful possession of narcotic drugs and sentenced to five years probation on each count to be served consecutively. He violated the terms of his probation and the trial court revoked the defendant's probation on one charge and imposed a prison term, and continued the terms of the probation as to the other charge. We stated:

"The trial court's revocation of the probation for possession of marijuana and imposition of a prison term while continuing the probation on the possession of a narcotic drug charge is impermissible. *State v. Pakula*, supra." 116 Ariz. at 598, 570 P.2d at 766.

These cases were followed by the Court of Appeals case of *State v. Catalan,* 122 Ariz. 193, 593 P.2d 943 (App.1979). In *Catalan,* the Court of Appeals noted that *Pakula, Carter* and *Jordan,* supra, all involved multiple counts in the same indictment. In *Catalan,* the trial court had sentenced the defendant to the Arizona State Prison for a term of not less than two nor more than four years. Two months later, in a different case, the same judge placed the defendant on five years probation for a separate offense. The Court of Appeals, in *Catalan,* affirmed the decision of the trial court relying upon our decision in *State v. Patton,* 120 Ariz. 386, 586 P.2d 635 (1978) stating:

> "In *State v. Patton,* 120 Ariz. 386, 586 P.2d 635 (1978) we have the reverse of the situation here. There, defendant was placed on probation for five years by a trial judge who had knowledge of a pending burglary charge. Five months later he was convicted of the burglary charge and sentenced to the state prison. Although the issue in *Patton* was whether the second judge abused his discretion in not placing the defendant on probation in view of the action of the first judge, the fact that the defendant was simultaneously on probation and serving a prison term was evident. Yet, the Court in *Patton* held that the sentence imposed was permitted, stating:
>
>> 'The granting of probation by a judge on one charge is in no way binding on another judge who is sentencing a defendant on a totally unrelated charge.' 586 P.2d at 639." 122 Ariz. 193, 593 P.2d at 945.

■ We agree with the Court of Appeals and their reading of *Patton,* supra, that if the rationale in *Pakula, Carter,* and *Jordan,* supra, are to be followed, they must be strictly limited to cases wherein there is one indictment involving multiple counts. As long as there are separate indictments, one judge may do in each of the separate indictments what two judges could do at different times with the same separate indictments. The judge may do this in one hearing. *Patton,* supra. In the instant case, there being two separate indictments,

the Court of Appeals erred in setting aside the revocation of probation. *Patton; Catalan,* supra.

We are troubled, however, with the result of our decision in *Pakula,* supra, and believe it should be reconsidered. What we have held is that it is lawful for one judge to mix probation and imprisonment in two counts of two different indictments, but that he may not do so in two counts of the same indictment. Because the county attorney elected to charge in one indictment what he could charge in the two, the court is prohibited from mixing probation and imprisonment. This is not reasonable. There is logically no reason why a judge should not be able to do in one two-count indictment what he could also do in two one-count indictments. Admittedly, the rationale of *Pakula* had its footing in the separation of powers argument that it is impermissible for a person to be on probation and under control of the court and at the same time be in prison or on parole and under the control of the executive. The court in *Pakula,* supra, pointed out that control of the sentencing process was balanced among the legislative, executive, and judicial branches of government:

> "* * * The legislature sets the sentencing limits and distributes the authority to control the sentence, within those limits, in the courts, correctional authority, and the parole board. When a trial court attempts to mix periods of state imprisonment followed by probation it places the court in possible conflicts with the executive department since the control of the length and type of confinement has been granted to that department. The parole board can grant parole with supervision in the corrections department, and the efforts of the executive department in a rehabilitation effort may not be in harmony with the objectives of the court's probation department. * * *"' 113 Ariz. at 125, 547 P.2d at 479.

We do not now believe that the possible conflict between the executive and judicial

branches over the control of the prisoner justifies the results that stem from *Pakula*, supra. A sentencing judge should not be limited by the fact that the defendant is guilty of two counts of the same indictment rather than one count in two indictments. Such a result is not mandated by reason or legal logic.

Neither is this result mandated by any intent of the legislature. Part of the rationale in *Pakula*, supra, was that the legislature did not intend that the court have jurisdiction to sentence to imprisonment and grant probation at the same time:

"It also appears that the legislative policy is that courts should either confine or suspend a sentence but not both. Until 1970 there was no authority for the superior court to use confinement as a condition of probation. (citation omitted) In 1970 the legislature amended A.R.S. § 13–1657 to permit the use of county jail confinement as a condition of probation in a suspended sentence. It is to be noted that the place of confinement was limited to the county jail which is consistent with the policy that probation supervision remains a matter of local responsibility." 113 Ariz. at 125, 547 P.2d at 479.

Whatever support this statement had in legislative intent, it has been dissolved by our new criminal code:

"§ 13–903. Calculation of periods of probation

\* \* \* \* \* \*

"D. If probation is imposed on one who at the time is serving a sentence of imprisonment imposed on a different conviction, service of the sentence of imprisonment shall not satisfy the probation."

We do not retreat from our holding in *Pakula*, supra, that consecutive sentences of probation are unlawful. We feel, however, that we misread the legislative intent in *Pakula*, supra, when we held that a judge could not, even when strictly limited to those cases of multi-count single indictments, impose a prison term and probation at the same time. So much of *Pakula*, supra, and cases following which so hold are by this opinion overruled.

Judgment affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.