606 P.2d 825

**The STATE of Arizona, Appellee,**

v.

**Richard R. MENDIBLES, Appellant.**

**No. 2 CA–CR 1859–2.**

Court of Appeals of Arizona,
Division 2.

Dec. 20, 1979.

Rehearing Denied Jan. 29, 1980.

Review Denied Feb. 13, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Dennis C. Freeman, Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Allen G. Minker, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was convicted in 1975 of aggravated assault with a prior and robbery with a prior. He was sentenced to not less than two nor more than 10 years in the state prison for the assault and was placed on probation for life for robbery. On appeal, this court reduced the assault conviction to simple assault and remanded for resentencing,[1] and the robbery conviction was affirmed. *State v. Mendibles*, 25 Ariz.App. 392, 543 P.2d 1149 (1975).

In March 1979 a petition to revoke appellant's probation was filed. Prior to the date set for the evidentiary hearing, appellant moved to terminate his probation on the ground that probation was invalid under *State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976), and its progeny. The court concluded that under the *Pakula* case, decided after appellant was sentenced, the probation was invalid and therefore resentencing was required. On June 27, 1979, appellant was resentenced to imprisonment for 10 to 21 years on the robbery conviction.

The *Pakula* case has been specifically overruled as to its holding that probation and a prison sentence cannot lawfully be imposed at the same time. See *State v. Jones*, 124 Ariz. 24, 601 P.2d 1060 (1979). The *Jones* court pointed out that the results stemming from *Pakula* are neither justified by the possible conflict between the executive and judicial branches of government over the control of a prisoner nor any intent of the legislature.

We are of the opinion that *State v. Jones*, supra, is controlling here. As a general rule, an overruling decision is given retroactive effect unless there are special circumstances warranting the denial of retroactive application or unless the overruling court has expressly indicated otherwise.

---

1. Appellant was sentenced to time served and was released from custody.

*O'Malley v. Sims,* 51 Ariz. 155, 75 P.2d 50 (1938); *Arizona State Tax Commission v. Ensign,* 75 Ariz. 376, 257 P.2d 392 (1953); See Annot., 10 A.L.R.3d 1371.

In *Jones,* the supreme court applied its decision retroactively to the pending case. *Jones* was sentenced on November 8, 1976, eight months after the *Pakula* decision. Two years later, his probation was revoked and on appeal to this court, he attacked the validity of the probation. Relying on *Pakula,* we found the original probation was unlawful as having been mixed with a prison sentence and set aside the revocation of probation. The supreme court, on review, affirmed the revocation.

■ We hold that appellant's original probation was valid. *State v. Jones,* supra. Since appellant's conviction and sentence had been affirmed on appeal, the superior court had no jurisdiction to modify its original judgment. *State v. Guthrie,* 110 Ariz. 257, 517 P.2d 1253 (1974); *State v. Federico,* 104 Ariz. 49, 448 P.2d 399 (1968).

We therefore vacate the May 10, 1979, order granting appellant's motion to terminate and the June 27, 1979, resentencing order. The cause is remanded for a hearing on the petition to revoke probation.

RICHMOND, C. J., and HOWARD, J., concur.