636 P.2d 1251

**The STATE of Arizona, Appellant,**

v.

**William SCOGIN, Appellee.**

**No. 2 CA–CR 2299.**

Court of Appeals of Arizona,
Division 2.

Oct. 7, 1981.

Rehearing Denied Nov. 5, 1981.

Review Denied Dec. 1, 1981.

Stephen D. Neely, Pima County Atty. by Alan D. Davidon, Tucson, for appellant.

Lowell A. Jensen, Tucson, for appellee.

OPINION

HOWARD, Judge.

The sole question on this appeal by the state is whether there is a statutory minimum period of probation under the new criminal code. The trial court rejected the state's position that there is, and we agree.

Appellee pled no contest to the crime of fraudulent scheme or artifice, a class 2 felony, was adjudged guilty, and was placed on probation for two years. The state contends that the trial court was required to impose probation for not less than 5.25 years which is the minimum period of imprisonment for a class 2 felony.

The trial court's power with respect to probation is derived from statutory authority. *State v. Carter*, 116 Ariz. 595, 570 P.2d 763 (1977), overruled on other grounds, *State v. Jones*, 124 Ariz. 24, 601 P.2d 1060 (1979). A.R.S. § 13–901(A) confers such authority if the person convicted is eligible for probation. Subsection B states that the period of probation shall be determined according to § 13–902. Subsection A of § 13–902 provides in pertinent part:

"A. Unless terminated sooner, probation may continue for the following periods:

1. For a class 2, 3 or 4 felony, the term authorized by § 13–701, subsection B."

The term of imprisonment for a class 2 felony is seven years. A.R.S.

§ 13–701(B)(1). Therefore, the legislature intended that seven years was the maximum probation period.[1] Where the probation statute prescribes a maximum and places no bottom on the probation period, there is no required minimum. See *State v. Young*, 115 Ariz. 162, 564 P.2d 385 (1977) (decided under the 1973 probation statute, A.R.S. § 13–1657(A)(1).

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.

1. Subsection B of § 13–902 permits up to a three-year extension prior to termination or expiration if a restitution condition has not been satisfied.