684 P.2d 924

**The STATE of Arizona, Appellee,**

v.

**Alex Leroy SHEPLER, Appellant.**

**No. 2 CA–CR 3358.**

Court of Appeals of Arizona, Division 2.

June 26, 1984.

**44**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant pled guilty to one count of sexual conduct with a minor under 18, a class six felony, and was found guilty by the court of sexual exploitation of a minor after having submitted that count of the indictment to the court on the basis of the grand jury transcripts. Imposition of sentence on both convictions was suspended, and appellant was placed on probation for three years on each conviction, the terms to run consecutively to one another, with one year in jail as a condition of the probation.

The sole issue on appeal is whether the trial court erred when it denied appellant's motion to dismiss the count of sexual exploitation of a minor because only one minor was depicted in the photograph that was the basis of the count. A.R.S. § 13–3553 provides:

"A. A person commits sexual exploitation of a minor by knowingly:

(1) Recording, filming, photographing, developing, or duplicating any visual or print medium in which minors are engaged in sexual conduct.

(2) Distributing, transporting, exhibiting, receiving, selling, purchasing, possessing or exchanging any visual or print medium in which minors are engaged in sexual conduct."

Appellant argues that to be consistent with due process under the Sixth and Fourteenth amendments, proscribed conduct must be defined in terms sufficient to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute. *State v. Limpus*, 128 Ariz. 371, 625 P.2d 960 (App.1981). Appellant argues that the language "minors are engaged in" in the statute reflects the legislature's intent to ban conduct which utliizes two or more children photographed in sexual positions. Appellant also submits that A.R.S. § 1–214(B), which states that one can presume that the use of the plural in any statute also refers to conduct involving the singular, would not apply herein since the meaning of the statute would be changed "in a way not contemplated by the legislature."

We have had patently absurd arguments put forth to this court in the past, but we would be hard pressed to remember one of this magnitude. To even contemplate that the legislature would purposely provide that no crime is committed under A.R.S. § 13–3553 unless more than one minor is involved in the proscribed conduct is impossible for us to envision. The legislature entitled this statute "Sexual Exploitation of a Minor," and it is proper to consider the title in attempting to interpret the legislature's intent. *State v. Superior*

*Court, in and for County of Pima,* 128 Ariz. 535, 627 P.2d 686 (1981). Additionally, the application of A.R.S. § 1–214(B) does nothing to change our interpretation of the legislative intent behind A.R.S. § 13–3553 and certainly applies.

■ We have reviewed the record for fundamental error and have found none. However, a problem exists with the "stacking" of appellant's probationary term, since such consecutive sentences of probation are unlawful. *State v. Jones,* 124 Ariz. 24, 601 P.2d 1060 (1979); *State v. Pakula,* 113 Ariz. 122, 547 P.2d 476 (1976). Therefore, the judgments of conviction are affirmed and the sentences are affirmed in all respects except that the terms of probation are ordered to run concurrently rather than consecutively.

BIRDSALL, C.J., and HOWARD, J., concur.