221 P.3d 368

The STATE of Arizona, Respondent,

v.

Brad Alan BOWSHER, Petitioner.

No. 2 CA–CR 2009–0151–PR.

Court of Appeals of Arizona,
Division 2, Department B.

Oct. 22, 2009.

Barbara LaWall, Pima County Attorney By Jacob R. Lines, Tucson, Attorneys for Respondent.

Robert J. Hirsh, Pima County Public Defender By John F. Palumbo, Tucson, Attorneys for Petitioner.

## OPINION

ECKERSTROM, Presiding Judge.

¶ 1 Petitioner Brad Bowsher seeks review of the trial court's denial of relief on a petition for post-conviction relief he filed pursuant to Rule 32, Ariz. R.Crim. P., challenging the court's imposition of consecutive terms of probation. We will not disturb a trial court's denial of post-conviction relief unless the court clearly has abused its discretion. *State v. Watton,* 164 Ariz. 323, 325, 793 P.2d 80, 82 (1990).

¶ 2 In 2007 Bowsher was charged in two unrelated indictments with a total of ten felonies. The victims and events in the two cases were distinct. In CR–20071229, he was charged with two counts of fraudulent scheme and artifice, two counts of theft by control, and one count of aggravated identity theft, for offenses committed between August 2004 and early January 2005. In CR–20074297, he was charged with one count of fraudulent scheme and artifice, one count of theft by control, and three counts of forgery, for offenses committed between September 2006 and March 2007. In July 2008, pursuant to a single plea agreement spanning both causes, Bowsher pled guilty to one amended count of theft by control in each case and agreed to pay restitution in each.

¶ 3 At sentencing in September 2008, the trial court placed Bowsher on four years' probation in each case, ordered the probationary terms to be served consecutively, and ordered Bowsher to serve a six-month jail term as a condition of his probation in CR–20074297. It also ordered him to pay restitution totaling $46,000. Bowsher subsequently filed a petition for post-conviction relief raising three issues, only one of which he raises in the present petition for review.

¶ 4 Relying on *State v. Pakula,* 113 Ariz. 122, 547 P.2d 476 (1976), Bowsher argues on review, as he did below, that the trial court lacked authority to impose consecutive terms of probation. The trial court denied post-conviction relief, relying on language in *State v. Jones,* 124 Ariz. 24, 601 P.2d 1060 (1979). We conclude the court ruled correctly and thus did not abuse its discretion.

¶ 5 In *Pakula,* the defendant had been charged in a single information with eleven counts of obtaining money by false pretenses. 113 Ariz. at 123, 547 P.2d at 477. He pled guilty to all counts. *Id.* The trial

court sentenced him to prison on the first count and imposed consecutive, three-year terms of probation on each of the remaining ten counts. *Id.* Our supreme court first observed that "[t]here is no express provision by statute or rule which permits the superior court, *on multiple counts in the same information,* to impose consecutive periods of probation." *Id.* at 124, 547 P.2d at 478 (emphasis added). It then concluded "that the consecutive terms of probation following imprisonment in the state prison was not an authorized sentence." *Id.* at 125, 547 P.2d at 479. Bowsher's case is distinguishable from *Pakula* because the plea agreement and probationary terms here resolved charges brought in separate indictments.

¶ 6 The issue in *Jones,* as framed by our supreme court, was whether its decision in *Pakula* "prevent[ed] a judge who is sentencing the same defendant charged in two separate indictments from imposing a prison sentence in one indictment and granting probation in [a] second." *Jones,* 124 Ariz. at 25, 601 P.2d at 1061. The court concluded a sentencing court can in fact simultaneously impose periods of incarceration and probation on different counts, regardless of whether those counts are charged in the same indictment or different indictments, and it overruled *Pakula's* holding to the contrary. *Jones,* 124 Ariz. at 27, 601 P.2d at 1063.

¶ 7 In reaching its decision, the *Jones* court also reviewed three Arizona cases that had followed *Pakula: State v. Carter,* 116 Ariz. 595, 570 P.2d 763 (1977); *State v. Jordan,* 120 Ariz. 97, 584 P.2d 561 (1978); and *State v. Catalan,* 122 Ariz. 193, 593 P.2d 943 (App.1979). In both *Carter* and *Jordan,* as in *Pakula,* the charges against the defendants arose from a single multi-count indictment, a salient fact noted by the court of appeals in *Catalan.* 122 Ariz. at 195, 593 P.2d at 945. Hence, our supreme court stated in *Jones:*

> We agree with the Court of Appeals [in *Catalan* ] and their reading of [*State v.]*

*Patton,* [120 Ariz. 386, 586 P.2d 635 (1978) ] ..., that if the rationale[s] in *Pakula, Carter,* and *Jordan* ... are to be followed, they must be strictly limited to cases wherein there is one indictment involving multiple counts. As long as there are separate indictments, one judge may do in each of the separate indictments what two judges could do at different times with the same separate indictments. The judge may do this in one hearing.

124 Ariz. at 26, 601 P.2d at 1062.[1] Thus, the pivotal fact here is that Bowsher's probationary terms were imposed for unrelated offenses that had been charged in separate indictments.

¶ 8 Although the court stated in *Jones* that it was "not retreat[ing] from [its] holding in *Pakula* ... that consecutive sentences of probation are unlawful," that language is qualified by its concomitant statement that the holding in *Pakula* must necessarily "be strictly limited to cases wherein there is one indictment involving multiple counts." *Jones,* 124 Ariz. at 26, 27, 601 P.2d at 1062, 1063. As that is not true in Bowsher's case, the trial court could properly impose consecutive terms of probation for the two unrelated counts of conviction with which he had been separately charged. The court did not abuse its discretion, either in imposing consecutive probationary terms at sentencing or in denying post-conviction relief. *See Watton,* 164 Ariz. at 325, 793 P.2d at 82. Accordingly, we grant the petition for review, but we deny relief.

CONCURRING: J. WILLIAM BRAMMER, JR., and GARYE L. VÁSQUEZ, Judges.

---

1. The language from *Patton* cited with approval in *Catalan* and *Jones* was this: " ' "The granting of probation by a judge on one charge is in no way binding on another judge who is sentencing a defendant on a totally unrelated charge." ' " *Jones,* 124 Ariz. at 26, 601 P.2d at 1062, *quoting Catalan,* 122 Ariz. at 195, 593 P.2d at 945, *quoting Patton,* 120 Ariz. at 390, 586 P.2d at 639.