NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

FRANK WILLIAM CHARLSON,
*Appellant*,

v.

STATE OF ARIZONA,
*Appellee*.

No. 1 CA-HC 20-0002
FILED 5-11-2021

---

Appeal from the Superior Court in Coconino County
No.  S0300CV201900540
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

---

COUNSEL

Frank William Charlson, Kingman
*Appellant*

Coconino County Attorney's Office, Flagstaff
By Mark Dillon Huston
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Jennifer B. Campbell joined.

---

**M O R S E**, Judge:

**¶1**        Frank Charlson appeals from an order denying his petition for a writ of habeas corpus. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        In 2004, Charlson pled guilty to attempted child molestation, a class 3 felony, and sexual conduct with a minor, a class 2 felony. He was sentenced to 20-years imprisonment, followed by a lifetime term of intensive probation. This Court dismissed Charlson's direct appeal from the superior court's order denying his motion to withdraw from the plea. *State v. Charlson*, 1 CA-CR 05-0005 (Ariz. App. Jan. 10, 2005) (order). In 2006, Charlson filed a petition for post-conviction relief. The superior court denied the petition and we declined review. *See State v. Charlson*, 1 CA-CR 06-0791 PRPC (Ariz. App. Aug. 23, 2007) (order).

**¶3**        Charlson filed the instant petition in 2019. He asserts the superior court (1) erred in imposing a consecutive term of lifetime intensive probation, (2) "lacked jurisdiction to classify the attempted offense as a class 2 felony," (3) denied him the right to speak at sentencing, and (4) erred in requiring him to register as a sex offender.

**¶4**        The superior court treated Charlson's claims as a petition for post-conviction relief. *See* Ariz. R. Crim. P. 33.3 (providing that any request for relief challenging the validity of a sentence must be treated as a "petition for post-conviction relief").[1] The court denied the petition, reasoning that it was "both untimely and successive." *See* Ariz. R. Crim. P. 33.2(a), 33.4(b)(3).

---

[1]        "Effective January 1, 2020, our supreme court amended the post-conviction relief rules. The amendments apply to all cases pending on the effective date unless a court determines that applying the rule or amendment would be infeasible or work an injustice." *State v. Mendoza*, 249 Ariz. 180, 182, ¶ 1 n.1 (App. 2020) (cleaned up). We cite the current rules unless otherwise noted.

Charlson timely appealed and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(11)(a).[2]

**DISCUSSION**

**¶5**　　We review the denial of a writ of habeas corpus for abuse of discretion. *State v. Cowles*, 207 Ariz. 8, 9, ¶ 3 (App. 2004). A court abuses its discretion "where the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision." *Id.* (quoting *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001)).

**¶6**　　As an initial matter, the superior court did not abuse its discretion by treating the instant petition as one for post-conviction relief. Although styled as a habeas corpus petition, Charlson is challenging aspects of his sentence and the post-conviction rules apply. *See* Ariz. R. Crim. P. 33.3, cmt. ("[I]f a convicted defendant files a petition for a writ of habeas corpus . . . that seeks relief available under Rule 33, the petition or application will be treated as a petition for post-conviction relief."); *In re Oppenheimer*, 95 Ariz. 292, 297 (1964) ("In Arizona, the writ of habeas corpus may be used only to review matters affecting a court's jurisdiction.").

**¶7**　　We note that the current post-conviction rules require a defendant to explain why a non-precluded claim was not raised "in a previous notice or petition" or "in a timely manner." Ariz. R. Crim. P. 33.2(b)(1). As Charlson's petition was filed before the rules were amended, he had no reason to provide any such explanation. Though we could remand this matter to provide Charlson an opportunity to comply, we conclude that remanding this case would result in a waste of judicial resources as Charlson has not shown any entitlement to relief. *See State v. Emery*, 141 Ariz. 549, 553 (1984) ("To remand in such cases would be inefficient if not futile. Judicial economy requires that we intervene when the record is . . . as clear as it is in the instant case."); *State v. Waicelunas*, 1 CA-CR 19-0240 PRPC, 2020 WL 5796172, at *2, ¶¶ 6, 8 (Ariz. App. Sept. 29, 2020) (mem. decision) (reviewing the merits of second post-conviction petition filed prior to the rule changes). Therefore, we exercise our discretion and address the merits of Charlson's claims.

---

[2]　　Although the superior court decided this case as a petition for post-conviction relief, the court did not "file it in the record of each original case to which it pertains." Ariz. R. Crim. P. 33.4(b)(4)(A). Accordingly, we treat this proceeding as an appeal, *see* A.R.S. § 12-2101(A)(11)(a), rather than a petition for review, *see* A.R.S. § 13-4239(C).

### A. Probation.

**¶8** Charlson makes several arguments challenging his subsequent probation term—that the court lacked the authority to impose both probation and prison, that his prior felonies made him ineligible for probation, and the probation officer did not recommend intensive probation. His assertions fail.

**¶9** Charlson cites *State v. Kraft*, 122 Ariz. 527 (App. 1979), for the proposition that courts lack the authority to sentence a defendant to prison and probation. But after *Kraft*, our supreme court held that a trial court may "impose a prison term and probation at the same time." *State v. Jones*, 124 Ariz. 24, 27 (1979) (relying on A.R.S. § 13-903); *see also State v. Bowsher*, 225 Ariz. 586, 590, ¶ 21 (2010) (noting that *Jones* allows a court, when sentencing for multiple convictions, "to combine a prison sentence with subsequent probation"). Thus, courts have the authority to impose a probation tail consecutive to a prison term.

**¶10** We also reject Charlson's argument that he was not probation eligible due to his prior convictions. Charlson's plea agreement did not include an admission of prior felonies for the purpose of sentencing enhancement, and the plea served "to amend the original charge(s) without the filing of additional pleadings." The State's dismissal of a prior felony allegation does not preclude the trial court from considering prior felonies as an aggravating circumstance. *State v. Jackson*, 130 Ariz. 195, 196 (App. 1981). Thus, Charlson remained probation eligible under the applicable statutes. *See* A.R.S. §§ 13-604(C) (2003), -604.01(I), (L)(2) (2003).

**¶11** Finally, this Court previously held that the probation department's recommendation is not a prerequisite to an intensive probation placement. *See State v. Woodruff*, 196 Ariz. 359, 360, ¶ 7 (App. 2000). Accordingly, Charlson's conviction for attempted child molestation was probation eligible.

### B. Charlson's Remaining Arguments.

**¶12** First, although the sentencing court orally referred to Charlson's conviction for attempted child molestation as a class 2 felony, the sentencing order correctly designated it a class 3 felony. The record shows the superior court misspoke. When a discrepancy between an oral pronouncement of sentence and a sentencing minute entry can be resolved on the record, it is not necessary to remand for clarification or correction. *State v. Bowles*, 173 Ariz. 214, 216 (App. 1992).

¶13 Second, Charlson was not denied the opportunity to speak before sentence was imposed—the court asked if there was any reason sentence should not be pronounced and his counsel said no. *See State v. Davis*, 112 Ariz. 140, 141 (1975) (finding no denial of allocution where defense counsel stated there was no reason judgment should not be entered).

¶14 Third, Charlson was not denied notice of the requirement to register as a sex offender. *See* Ariz. R. Crim. P. 26.10(b)(3) ("When the court pronounces sentence, it must . . . explain to the defendant the terms of the sentence or probation . . . ."). Again, even if the sentencing court misspoke when it orally referenced "A.R.S. § 13-3621" rather than the registration statute, A.R.S. § 13-3821, Charlson's plea agreement explicitly required registration, the court ordered registration at sentencing, and the sentencing order required registration. We find no reversable error. *See State v. Maddasion*, 24 Ariz. App. 492, 496 (1975) (affirming despite trial judge's technical error when pronouncing sentence).

## CONCLUSION

¶15 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA