758 P.2d 653
**STATE of Arizona, Appellee,**

v.

**George BALL, Jr., Appellant.**

**Nos. 1 CA–CR 11710, 1 CA–CR 11711.**

Court of Appeals of Arizona,
Division 1, Department D.

June 9, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Gerald R. Grant, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa Co. Public Defender by John W. Rood, III, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Presiding Judge.

Appellant George Ball, Jr. (defendant) was charged by indictment in CR–87–03649 (1 CA–CR 11711) with one count of armed robbery and ten counts of burglary. In CR–87–03759 (1 CA–CR 11710), he was charged by information with one count of third-degree burglary. He pled guilty to burglary in CR–87–03759, and to the reduced charge of attempted armed robbery in CR–87–03649. The agreement provided for concurrent terms and restitution, including restitution on dismissed charges, "in an amount not to exceed $5,000." The

court accepted the plea. However, at the time of sentencing, the court told defendant that he could not impose the agreed-to sentence because he felt: (1) that the restitution required should be raised to $10,000; and (2) that the defendant should be given probation in CR–87–03759, to run consecutively to the sentence in CR–87–03469. Defendant did not object to serving probation after the completion of the prison sentence, and the judge ultimately directed that his probation begin the day of his release from prison. The state had no objection to either change. The court accordingly amended the plea agreement regarding restitution and noted "the Defendant's concurrence that the Court has the authority of imposing the sentences recommended by the probation officer."

■ The court sentenced defendant in CR–87–03649 to the presumptive term of five years. In CR–87–03759, the court imposed probation for three years, "to commence on the first day following the defendant's release." On restitution, the court ordered that "Defendant will pay restitution in the amount—in an amount to be determined not to exceed $10,000." Defendant timely appealed both cases. This court has consolidated the appeals.

Defendant argues first that the trial court erred by imposing probation to run consecutively after defendant's prison sentence, contrary to *State v. Pakula,* 113 Ariz. 122, 547 P.2d 476 (1976). The state concedes that *Pakula* held such practice unlawful, but urges that subsequent changes in case law and statutes make *Pakula* no longer applicable. We agree.

In *Pakula,* the defendant pled guilty to 11 counts. The superior court sentenced the defendant to one to five years imprisonment on the first count, and placed him on probation on the others, the probationary terms running consecutively to the imprisonment and to each other. Our supreme court found that the procedure "conflicts with the structure of the sentencing process in Arizona," by improperly combining probation, a judicial responsibility, with a prison sentence, an executive responsibility. 113 Ariz. at 124, 547 P.2d 476. Thus,

"consecutive terms of probation following imprisonment ... was not an authorized sentence." 113 Ariz. at 125, 547 P.2d 476. The court set aside the "sentence" as to counts two through eleven (technically, probation is not a sentence, but rather a suspending of imposition of sentence). *Id.*

*State v. Jones,* 124 Ariz. 24, 601 P.2d 1060 (1979), specifically overruled part of *Pakula.* There defendant received ten years probation on one indictment and a sentence of four to five years on a second indictment, to run concurrently. Jones was released on parole after two years, and his probation was subsequently revoked. The court held that the apparent conflict between probation and imprisonment or parole which formed part of the rationale in *Pakula* was no longer a problem. It found legislative intent which approved overlapping probation and imprisonment in A.R.S. § 13–903(D) of the "new" 1978 Criminal Code:

D. If probation is imposed on one who at the time is serving a sentence of imprisonment imposed on a different conviction, service of the sentence of imprisonment shall not satisfy the probation.

The court did not retreat from its holding in *Pakula* that consecutive sentences of probation were unlawful. But it admitted error in holding that a judge could not impose a prison term and probation at the same time. That holding in *Pakula,* and cases following it, were overruled.

The issue here, imposing probation consecutive to a sentence, was not directly considered in *Jones.* However, we think it implicit in *Jones'* reasoning that a court may order a term of probation to be served consecutively to a sentence. We do not here purport to change the rule that consecutive terms of probation are not authorized. *Jones; State v. Shepler,* 141 Ariz. 43, 684 P.2d 924 (App.1984).

The court in *Jones* cited § 13–903(D), since renumbered § 13–903(E), Laws 1987, ch. 119, § 1, for supportive legislative intent. Although *Jones* did not address this aspect of the statute specifically, the statute explicitly provides for a probationary period which does not begin until after—

consecutive to—the sentence. Clearly, the legislature has specifically authorized the imposition of a consecutive probation "sentence," at least in certain circumstances.

Moreover, apart from the foregoing, we believe that § 13–903(E) literally applies to the case at hand. The convictions in CR–87–03649 and CR–87–03759 were separate. Although the sentence in CR–87–03649 was imposed just before the probation in CR–87–03759, it was, technically, being served at the time probation was imposed since a sentence is complete and valid when orally pronounced in open court and entered in the minutes. *E.g., State v. James*, 110 Ariz. 334, 519 P.2d 33 (1974); *State v. Madrid*, 9 Ariz.App. 207, 450 P.2d 719 (1969), *cert. denied*, 396 U.S. 1016, 90 S.Ct. 581, 24 L.Ed.2d 508 (1970).

Even if § 13–903(E) is not directly applicable, the court in *Jones* tacitly sanctioned probation following sentencing. Although the issue in *Jones* was whether concurrent terms of probation and imprisonment could be imposed, at least part of the probation was, in fact, consecutive in that probation began after the sentence, since the term of required probation exceeded the term of the sentence, even if fully served. Thus, by allowing concurrent probation and imprisonment, and not limiting the probation to the term of imprisonment, the court allowed some probation consecutive to the sentence.

The same thing happened also in *State v. Rogowski*, 130 Ariz. 99, 634 P.2d 387 (1981) where defendant was sentenced to concurrent terms of five years imprisonment and seven years of probation. On appeal, the defendant complained that he could not fulfill all of the conditions of probation while he was in prison. The court agreed, but found that the terms and conditions of probation were "to become effective after defendant's release from prison, thereby eliminating any conflict in the sentences." 130 Ariz. at 103, 634 P.2d 387. Here, the trial court eliminated any conflict between prison and the terms of probation by making the probation consecutive to prison.

If, after *Jones*, there is any problem of tension between parole after imprisonment and consecutive probation, A.R.S. § 41–1604.07(D) is ameliorative. It provides that:

A prisoner on earned release credit release is not under the control of the department and the department is not required to provide parole services or otherwise supervise any prisoner released, except that the department may revoke the release of the prisoner until the final expiration of his sentence if the department has reason to believe that the released prisoner has engaged in criminal conduct during the term of his release.

Laws 1986, ch. 200, § 2. Since the Department of Corrections maintains only minimal control over such released prisoners, that control would not conflict with a probation department's supervision of defendants on consecutive probation after their prison term.

As a practical matter, it is difficult to find this scheme objectionable. This defendant is certainly better off than if he had received consecutive prison sentences, while the state is better off because it maintains some control over the defendant during his probation after he is released from prison. We note defendant had no objection to this procedure at sentencing.

■ Defendant now raises two objections which deserve discussion. While it is true, as defendant argues, that a court must designate when a term of probation must begin, under § 13–903(A), we think it sufficient compliance for the court to state that probation begins when the defendant is released from prison. Otherwise, § 13–903(E) would be unenforceable and meaningless. In construing a statute, we look to the statute as a whole and give harmonious effect to all its sections. *E.g., State v. Standsberry*, 114 Ariz. 351, 560 P.2d 1258 (App.1976).

The only other provision that arguably supports defendant's position is § 13–901(A), providing that if a convicted person is eligible for probation, the court may impose probation and, "if so, shall *without delay* place such person on supervised or unsupervised probation...." (em-

phasis added.) However, this provision cannot be literally read to mean that all probations which are imposed must begin immediately, else § 13–903(E) would be rendered meaningless. Also, under defendant's reading, the court could not impose concurrent probation and prison, because the person in prison could not be placed on probation. This is contrary to the holding in *Jones* and *Rogowski*.

We must construe apparently conflicting statutes so as to give effect to all. *E.g., Lemons v. Superior Court,* 141 Ariz. 502, 687 P.2d 1257 (1984). Therefore, the words "without delay" in § 13–901(A) must mean that the probation shall begin "without delay" once the preceding sentence has been served and the defendant has been released from prison. That is exactly what the trial judge ordered in this case. Probation begins upon defendant's physical release from prison.

Thus, Arizona's sentencing scheme currently allows probation beginning after a prison term, contrary to the situation in *Pakula. See also* A.R.S. § 13–901(F) (allowing court to impose consecutive jail terms as a condition of probation). As we have stated, we believe *Pakula* is not controlling. The trial court did not err by ordering defendant to serve a term of probation on the one case after release from prison in the other.

Defendant next argues that the trial court failed to comply with the terms of § 13–901(H) when it ordered that the "Defendant will pay restitution ... in an amount to be determined not to exceed $10,000." The state concedes error. We agree that the trial court failed to follow the statute. Therefore, we remand solely for the court to comply with § 13–901(H).

Pursuant to § 13–4035, we have searched the record for fundamental error and, except as explicitly stated herein, have found none. For the reasons stated herein, the convictions and sentences are affirmed, and the matter is remanded for the necessary determinations as to restitution.

CONTRERAS, P.J., and RICHARD M. DAVIS, J. Pro Tem., concur.

NOTE: RICHARD M. DAVIS was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. Art. VI, § 3 and A.R. S. §§ 12–145–47.