778 P.2d 1362

**STATE of Arizona, Appellee,**

v.

**Abel LUCERO, Appellant.**

**No. 1 CA–CR 88–768.**

Court of Appeals of Arizona,
Division 1, Department B.

May 9, 1989.

Review Denied Sept. 19, 1989.

Robert K. Corbin, Atty. Gen., Jessica Gifford Funkhouser, Chief Counsel, Crim. Div. by Gerald R. Grant, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Carol A. Carrigan, Deputy Public Defender, Phoenix, for appellant.

OPINION

CONTRERAS, Presiding Judge.

In this criminal appeal, the court considers the issue of whether the trial court erred by imposing a four-year sentence of imprisonment consecutive to a one-year term of incarceration being served by appellant in the county jail as a condition of probation. We conclude that the trial court did not err and therefore affirm appellant's conviction and sentence.

On February 18, 1988, appellant was charged with three felony counts consisting of one count of possession of a narcotic drug for sale, one count of possession or use of a narcotic drug, and one count of possession of drug paraphernalia. Appellant subsequently pled guilty by way of an *Alford* plea to the possession or use charge. Prior to sentencing in the instant case, appellant was placed on probation for an unrelated offense, and as a condition of probation, he was required to serve one year in the county jail. Appellant was thereafter sentenced in the instant case to the stipulated, presumptive four-year sentence. The trial court ordered that the four-year sentence be consecutive to the one-year jail term previously imposed as a condition of probation in the unrelated offense.

Appellant has appealed, claiming that the trial court erred in ordering that his four-year sentence run consecutive to the one-

year county jail term which had been imposed in a different case as a condition of probation.

Appellant presents two arguments in support of his contention that the trial court erred in sentencing consecutively. His first argument is based on the statutory language of A.R.S. § 13–709(A)[1] which states that a sentence of imprisonment commences when the sentence is imposed if the defendant is already in custody or otherwise commences when the defendant actually becomes in custody. Appellant contends that this provision requires that his sentence commence when it was imposed since he was already in custody at that time. In other words, appellant contends that because of this statutory provision his sentence of four years cannot commence after his one-year jail term imposed as a condition of probation has been served.

We disagree with appellant's argument for several reasons. First, A.R.S. § 13–709 is concerned with pre- or post-sentence incarceration credit, and as such, is not directly applicable to the concept of consecutive sentencing. Second, a literal interpretation of appellant's contention would preclude consecutive sentencing in all cases. Finally, in cases where statutes appear to be in conflict, the conflicting statutes should be construed so as to give effect to each. *See State v. Ball*, 157 Ariz. 382, 385, 758 P.2d 653, 656 (App.1988). In this case, we can only give effect to A.R.S. § 13–708, the consecutive sentencing statute, and A.R.S. § 13–709, by rejecting appellant's literal interpretation of § 13–709(A). We therefore do so.

Appellant's second argument is that consecutive sentencing was improper because the one-year jail term imposed as a condition of probation was not a sentence of imprisonment. The Arizona Supreme Court has stated that a condition of probation is not a sentence, but rather, a feature of the suspension of imposition of sentence. *See Pickett v. Boykin*, 118 Ariz. 261, 262, 576 P.2d 120, 121 (1978). However, it does not necessarily follow that a sentence of imprisonment cannot be ordered to run consecutive to a term of incarceration imposed as a condition of probation.

We initially note that this court has upheld imposition of probation to run consecutively after completion of a defendant's sentence of imprisonment. *See State v. Ball, supra.* The *Ball* case involved the reverse situation of the scenario in this case. That is, *Ball* involved imposition of probation to commence after a previously imposed sentence of imprisonment had been served, whereas this case involves imposition of a sentence of imprisonment to commence after appellant has completed a one-year term of incarceration in the county jail which was previously imposed as a condition of probation. We believe that the holding in *Ball* is narrowly tailored to the facts of that case, and as such, does not resolve the issue in the present case.

A.R.S. § 13–708[2] mandates as a general rule, with few exceptions, that a sentence of imprisonment shall be consecutive to "any undischarged term of imprisonment imposed at a previous time." A.R.S. § 13–708 (Supp.1988). It is not clear whether the phrase "undischarged term of imprisonment" as used in the consecutive sentencing statute includes a term of incarceration imposed as a condition of probation. The statute neither prohibits nor does it expressly authorize imposition of a sentence of imprisonment to run consecutive to a term of incarceration previously imposed as a condition of probation. Our research also reveals that there is no case

1. A.R.S. § 13–709(A) reads:
"A sentence of imprisonment commences when sentence is imposed if the defendant is in custody or surrenders into custody at that time. Otherwise it commences when the defendant becomes actually in custody."

2. A.R.S. § 13–708 reads:
"Except as otherwise provided by statute, if multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run consecutively unless the court expressly directs otherwise, in which case the court shall set forth on the record the reason for its sentence."

directly on point. Thus, we are required to reach a result in this case based upon our interpretation of the relevant statutes, as well as our understanding of the legislative intent behind the sentencing scheme set forth in our criminal code.

We believe that A.R.S. § 13–708, which creates a generalized mandatory scheme in favor of consecutive sentencing, evidences a legislative intent that a criminal defendant be required to complete a previously imposed term of imprisonment prior to commencing serving a subsequently imposed term of imprisonment. We further believe that this legislative intent may and should be applied equally to a situation in which the subsequently imposed sentence of imprisonment follows a term of incarceration imposed as a condition of probation. We therefore conclude that the trial court did not err in imposing a four-year sentence of imprisonment consecutive to a one-year term of incarceration being served by appellant in the county jail as a condition of probation.

Appellant's conviction and sentence is affirmed.

HAIRE, J., concurs.

EUBANK, Judge, dissenting.

I dissent. A sentence to a term of incarceration for four years cannot be imposed consecutively to a prior one year jail term, which was imposed as a condition of probation and was unrevoked at the time of sentencing. The simple reason for this is that probation jail time is not a "sentence" but is a condition of probation. It is a suspended sentence.

In *State v. Barksdale*, 143 Ariz. 465, 468, 694 P.2d 295, 298 (App.1984) we said:

> We agree with the appellee and the trial court, however, that a suspended sentence resulting in probation does not constitute a "sentence" as that term is used in the last sentence of A.R.S. § 13–604.01(B). In *State v. Risher*, 117 Ariz. 587, 574 P.2d 453 (1978) our supreme court held "probation is not a sentence, but a feature of imposition of sentence." This view was expanded by the supreme court in *Pickett v. Boykin*, 118 Ariz. 261, 576 P.2d 120 (1978). There the court held that since the defendant was

serving time in the county jail as a condition of probation and not as a "sentence", he was not entitled to the double time allowance and must serve the full time awarded as a condition of probation. The court said:

> Probation is not a sentence but rather a feature of suspension of imposition of sentence. *State v. Risher....* Thus incarceration as a part of probation is not a sentence of confinement but simply one of the conditions which is established at the time sentence is suspended.

118 Ariz. at 262, 576 P.2d at 121. *See also State v. Carranza*, 156 Ariz. 188, 751 P.2d 38 (App.1988).

Thus, jail time as a condition of probation is not "incarceration" pursuant to A.R.S. §§ 13–701, 13–702, or 13–709. Rather, it is imposed, pursuant to A.R.S. § 13–901(F) for rehabilitation purposes. *State v. Moore*, 149 Ariz. 176, 177, 717 P.2d 480, 481 (App.1986). There is no sentence upon which to impose a consecutive sentence.

Certainly, if the trial judge revoked appellant's probation and sentenced appellant on the probation felony, the sentence here would be proper.

I would vacate the sentence and remand for resentencing.