SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-10-0019-PR |
| Respondent, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division Two |
| | ) | No. 2 CA-CR 09-0151 PRPC |
| BRAD ALAN BOWSHER, | ) | |
| | ) | Pima County |
| Petitioner. | ) | Superior Court |
| | ) | Nos. CR20071229 and |
| | ) |     CR20074297 |
| | ) |     (Consolidated) |
| | ) | |
| | ) | **O P I N I O N** |
| | ) | |
| _____ | ) | |

Appeal from the Superior Court in Pima County
The Honorable Gus Aragon, Judge

**AFFIRMED**
_____

Opinion of the Court of Appeals Division Two
223 Ariz. 177, 221 P.3d 368 (2009)

**VACATED**
_____

BARBARA LAWALL, PIMA COUNTY ATTORNEY                          Tucson
     By   Jacob R. Lines, Deputy County Attorney
Attorneys for State of Arizona

ROBERT J. HIRSH, PIMA COUNTY PUBLIC DEFENDER                  Tucson
     By   David J. Euchner
Attorneys for Brad Bowsher
_____

**P E L A N D E R**, Justice

**¶1**      The issue for decision is whether a trial court may impose consecutive terms of probation on a defendant convicted of unrelated offenses.  We hold that Arizona Revised Statutes

("A.R.S.") section 13-903(A) (2010) authorizes that disposition.

## I.

¶2      Bowsher was charged in two separate indictments with ten felonies.  Pursuant to a plea agreement, he pleaded guilty to one count of theft by control in each case; each count involved a different victim and event.  The trial court placed Bowsher on probation for four years in both matters and ordered the probation terms to be served consecutively.  Bowsher petitioned for post-conviction relief, arguing that the trial court lacked authority to impose consecutive terms of probation. The superior court denied relief.

¶3      The court of appeals granted review but also denied relief.  *State v. Bowsher*, 223 Ariz. 177, 177 ¶ 4, 221 P.3d 368, 368 (App. 2009).  The court rejected Bowsher's argument that consecutive terms of probation were forbidden by *State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976), relying on our statement in *State v. Jones*, 124 Ariz. 24, 26, 601 P.2d 1060, 1062 (1979), that *Pakula* must "be strictly limited to cases wherein there is one indictment involving multiple counts." *Bowsher*, 223 Ariz. at 178 ¶ 8, 221 P.3d at 369.

¶4      We granted review to address a recurring issue of statewide importance and to resolve the possible tension between *Pakula* and *Jones*.  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

2

¶5    We review for abuse of discretion a trial court's denial of a petition for post-conviction relief, *State v. Watton*, 164 Ariz. 323, 325, 793 P.2d 80, 82 (1990), but review issues of law de novo, *State v. Pandeli*, 215 Ariz. 514, 522 ¶ 11, 161 P.3d 557, 565 (2007).

¶6    Trial courts have no inherent authority to suspend a prison sentence and impose probation.   *State v. Bigelow*, 76 Ariz. 13, 18, 258 P.2d 409, 412 (1953).   Rather, such power "must be found in the statutes of the state."   *Id.*

¶7    Section 13-903(A) states, "A period of probation commences on the day it is imposed *or as designated by the court*, and an extended period of probation commences on the day the original period lapses" (emphasis added).   The word "or" generally means "[a] disjunctive particle used to express an alternative or to give a choice of one among two or more things."   *Black's Law Dictionary* 1095 (6th ed. 1990); *see also North Valley Emergency Specialists, L.L.C. v. Santana*, 208 Ariz. 301, 306 ¶ 26, 93 P.3d 501, 506 (2004) (concluding that statutory use of disjunctive "or" when "[p]lainly read" suggests alternatives among listed items).   Because § 13-903(A) is written in the disjunctive, it allows trial courts to begin a probation term either on the date the defendant is sentenced or on another day designated by the judge.   The statute thus does

not on its face prevent the judge from imposing consecutive probation terms.

¶8    Interpreting the phrase "or as designated by the court" in § 13-903(A) to allow consecutive terms of probation is also consistent with the statute's history.  The Legislature enacted § 13-903 in 1978 as part of its comprehensive revision of Arizona's criminal statutes.  In that new section, the Legislature adopted language recommended by the Arizona Criminal Code Commission in its 1975 proposed draft for the new criminal code.  *See* Arizona Criminal Code Commission, *Arizona Revised Criminal Code*, at § 802(a) (1975).

¶9    The Commission and the Legislature generally relied on the Model Penal Code ("MPC") in drafting Arizona's revised criminal statutes.  *See State v. Cox*, 217 Ariz. 353, 356 ¶ 16, 174 P.3d 265, 268 (2007); *State v. Mott*, 187 Ariz. 536, 540, 931 P.2d 1046, 1050 (1997); 1 Rudolph J. Gerber, *Criminal Law of Arizona* 1-2 (2d ed. 1993) (noting the Commission's "research[]" into the MPC).  The MPC explicitly requires probation terms to run concurrently:

> When a defendant is sentenced for more than one offense or a defendant already under sentence is sentenced for another offense committed prior to the former sentence[,] . . . multiple periods of suspension or probation *shall run concurrently* from the date of the first such disposition[.]

Model Penal Code § 7.06(6)(b) (Official Draft 1962) (emphasis added).

4

¶10      The Commission, however, did not recommend adoption of that MPC section.  And, although the Legislature adopted many MPC provisions, it chose to not enact that one, instead opting for the language in § 13-903(A).[1]  The Legislature's action "evidences its rejection" of the MPC section.  *See Mott*, 187 Ariz. at 540, 931 P.2d at 1050 (noting the Legislature declined to adopt the MPC's defense of diminished capacity "when presented with the opportunity to do so"); *see also State v. King*, 225 Ariz. 87, ___ ¶ 11, 235 P.3d 240, 243 (2010) (concluding that Arizona adopted an objective standard for self-defense rather than the MPC's subjective standard).

¶11      Although § 13-903(A) does not explicitly provide for consecutive terms of probation, our interpretation of its language is the most plausible.[2]  Because multiple probation

---

[1] The 1970 Study Draft of a New Federal Criminal Code mirrored the MPC, providing that multiple probation periods, "whether imposed at the same time or at different times, shall run concurrently."  The National Commission on Reform of Federal Criminal Laws, *Study Draft of a New Federal Criminal Code*, at § 3104(1) (1970).  Unlike Arizona, other states chose to adopt that requirement.  *E.g.*, Ark. Code Ann. § 5-4-307(b)(1) (West 2010); Conn. Gen. Stat. Ann. § 53a-31(a) (2010); Mo. Ann. Stat. § 559.036(1) (2010); N.C. Gen. Stat. § 15A-1346(a) (West 2010).  Current federal law also requires multiple probation terms to run concurrently.  18 U.S.C. § 3564(b) (2006).

[2] In other statutes, the Legislature has expressly precluded or prescribed consecutive sentences.  *See* A.R.S. § 13-116 (2010) ("An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent."); A.R.S. § 13-711(A) (2010) (providing that "if multiple sentences

5

terms can run only concurrently or consecutively, forbidding consecutive terms of probation would be tantamount to mandating that multiple probation terms run concurrently. Thus, interpreting Arizona's probation statutes as not authorizing consecutive terms of probation effectively reads into the statutes the same concurrent-term mandate the Legislature declined to adopt from the MPC. We cannot usurp the Legislature's prerogative in that fashion on matters within its exclusive domain. *See State v. Casey*, 205 Ariz. 359, 362 ¶ 10, 71 P.3d 351, 354 (2003).

¶12     Bowsher argues the phrase "as designated by the court" in § 13-903(A) must be read in conjunction with A.R.S. § 13-901(A) (2010), which states a probation period shall begin "without delay." According to Bowsher, § 13-901(A) requires a probation term to commence the day it is imposed unless some other rule or statute prevents the term from beginning then. For example, A.R.S. § 13-903(E) provides that when a term of probation is imposed on one already serving a prison sentence, probation does not commence until the prison sentence is served.

of imprisonment are imposed on a person at the same time, the sentence or sentences imposed by the court shall run consecutively unless the court expressly directs otherwise"). That the Legislature has specifically directed or barred consecutive sentences in other circumstances, however, does not undermine the statutory authorization for consecutive probation terms created by the disjunctive, discretionary language the Legislature deliberately chose to use in § 13-903(A).

Only in such instances, Bowsher contends, does the option of "as designated by the court" apply, allowing the judge to set an alternate start date.

¶13 We disagree with this reading for two reasons. First, no legislative history supports limiting the words "as designated by the court" in the way Bowsher argues; indeed, the history cited above expressly suggests that the Legislature meant to authorize consecutive terms of probation. Second, Bowsher's proposed literal interpretation of the phrase "without delay" in § 13-901(A) unduly limits the phrase "as designated by the court" in § 13-903(A).[3] Because delay occurs any time a judge designates a start date different from the date the probation is imposed, Bowsher's interpretation would deprive trial judges of the choice explicitly granted by § 13-903(A).

¶14 When construing two statutes, this Court will read them in such a way as to harmonize and give effect to all of the provisions involved. *Pima County ex rel. City of Tucson v. Maya Constr. Co.*, 158 Ariz. 151, 155, 761 P.2d 1055, 1059 (1988). The Legislature presumably would not have framed § 13-903(A) in the disjunctive had it meant the phrase "without delay" in § 13-

---

[3] In upholding a probation term that ran consecutively to a prison sentence, the court of appeals refused to interpret "without delay" literally. *See State v. Ball*, 157 Ariz. 382, 384-85, 758 P.2d 653, 655-56 (App. 1988) (stating the phrase "without delay" in § 13-901(A) "cannot be literally read to mean that all probations which are imposed must begin immediately").

7

901(A) to invariably require a probation term to begin on the day it is imposed except as otherwise expressly provided by law.[4] We hold that § 13-903(A) authorizes trial courts to impose consecutive terms of probation.

**III.**

¶15     In urging a contrary conclusion, Bowsher relies largely on *Pakula*, in which this Court found "no specific authority for consecutive terms of probation," 113 Ariz. at 125, 547 P.2d at 479, and *Jones*, which stated that the Court "[did] not retreat from" *Pakula*'s holding "that consecutive sentences of probation are unlawful." 124 Ariz. at 27, 601 P.2d at 1063. We find *Pakula* obsolete and the dictum in *Jones* neither controlling nor persuasive.

¶16     In *Pakula*, the defendant was charged in one information with eleven counts. 113 Ariz. at 123, 547 P.2d at 477. The trial court sentenced him to prison on the first count and imposed consecutive three-year terms of probation on each remaining count. *Id.* This Court held that the sentence was unlawful because, among other things, no statute permitted the

---

[4] Harmonizing the two statutes, we conclude that the authority granted in § 13-903(A) to impose consecutive terms of probation is limited by the "without delay" provision in § 13-901(A), such that the trial court does not have unfettered discretion to postpone the onset of probation indefinitely into the future. For example, a judge seeking to impose two consecutive probation terms must designate that the second term begins immediately after the first term ends.

superior court, "on multiple counts in the same information, to impose consecutive periods of probation," *id.* at 124, 547 P.2d at 478, or a period of probation after a prison term. *Id.* at 125, 547 P.2d at 479.

¶17     *Pakula*, however, predated the Legislature's 1978 overhaul of Arizona's criminal code, including enactment of A.R.S. § 13-903.   That case therefore provides no aid in interpreting the current statute.

¶18     In *Jones*, we held that a trial court, when sentencing a defendant on different counts in separate indictments, may simultaneously impose a prison term on one count, followed by probation on the second.  124 Ariz. at 25-26, 601 P.2d at 1061-62.   *Jones* "strictly limited [*Pakula*'s rationale] to cases wherein there is one indictment involving multiple counts" because, when multiple indictments exist, "one judge may do in each of the separate indictments what two judges could do at different times with the same separate indictments." *Id.* at 26, 601 P.2d at 1062.

¶19     Our statement in *Jones* that we "[did] not retreat from" *Pakula*'s holding "that consecutive sentences of probation are unlawful," *id.* at 27, 601 P.2d at 1063, plainly was dictum. The trial court in *Jones* sentenced the defendant to a prison term, followed by probation.  *Id.* at 25, 601 P.2d at 1061.  More importantly, the Court suggested in *Jones* that *Pakula* was

illogical, noting that "[t]here is logically no reason why a judge should not be able to do in one two-count indictment what he could also do in two one-count indictments." *Id.* at 26, 601 P.2d at 1062.

¶20    We now recognize that the *Jones* dictum was incorrect – § 13-903(A) allows imposition of consecutive terms of probation whether or not the charges are made in the same indictment. Moreover, *Jones* did not expressly recognize that the criminal code had been revised since *Pakula*.  The court of appeals did not err in relying on our prior cases here.  But, in order to avoid future confusion, we today expressly disavow the *Jones* dictum and hold that trial courts have discretion to make terms of probation consecutive, whether or not the charges on which the convictions are based were in the same indictment or separate indictments.

## IV.

¶21    Our conclusion comports not only with the most reasonable reading of § 13-903(A), but also with public policy considerations.    In sentencing a defendant for multiple convictions, trial judges might seek to impose a distinct sanction for each count.  If trial courts cannot achieve that effect by using consecutive terms of probation, they could be forced to combine a prison sentence with subsequent probation, as *Jones* allows, even though they otherwise would not have

10

sentenced the defendant to a prison term at all. This result needlessly increases the state's prison population and is contrary to the rehabilitative goals of the probation statutes. *See State v. Smith*, 112 Ariz. 416, 419, 542 P.2d 1115, 1118 (1975) (recognizing probation as "a sentencing alternative which a court may use in its sound judicial discretion when the rehabilitation of the defendant can be accomplished with restrictive freedom rather than imprisonment"). In addition, a rule that consecutive probation terms may only be imposed where multiple offenses are charged in separate indictments might undesirably discourage the consolidation of charges, even when otherwise warranted by concerns for judicial economy or practicality.

¶22 Bowsher argues that allowing consecutive terms of probation could lead to the "absurd result" of judges stacking a large number of such terms, creating what is essentially a lifetime probation term. But the Legislature has already authorized lifetime probation terms for certain offenses. *See* A.R.S. § 13-902(E). And if the Legislature was concerned with this prospect, it could have adopted the MPC's explicit concurrent-term requirement.

## V.

¶23 Finally, Bowsher argues that if the law now allows consecutive probationary terms, contrary to *Pakula*, that change

11

was unforeseeable and, therefore, cannot be retroactively applied to him without violating due process. *Cf. State v. Womble*, 225 Ariz. 91, ___ ¶¶ 24-32, 235 P.3d 244, 251-53 (2010) (holding that application of rule allowing elimination of witness to another crime to form exclusive basis for finding of aggravating factor under A.R.S. § 13-751(F)(6) (2010) was not unforeseeable and retroactive change in the law). But in light of the Legislature's post-*Pakula* enactment of § 13-903(A), any reliance on that case is unavailing. Nor can Bowsher claim reliance on the *Jones* dictum, because that case limited *Pakula* and clearly implied that a trial court could legally impose consecutive terms of probation for offenses charged under two separate indictments. That is precisely what occurred here.

**VI.**

¶24        For the reasons stated above, we vacate the court of appeals' opinion and affirm the trial court's order denying post-conviction relief.

_____
                A. John Pelander, Justice

CONCURRING:

_____
Rebecca White Berch, Chief Justice

12

_____
Andrew D. Hurwitz, Vice Chief Justice


_____
W. Scott Bales, Justice


_____
James A. Soto, Presiding Judge*




* Pursuant to Article 6, Section 3 of the Arizona Constitution, the Honorable James A. Soto, Presiding Judge of the Santa Cruz County Superior Court, was designated to sit on this matter.

13