IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EDWARDO SERRATO, III, *Appellant.*

No. 1 CA-CR 23-0384

FILED 09-17-2024

Appeal from the Superior Court in Mohave County
No. S8015CR201800630
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Harris & Winger, P.C., Flagstaff
By Chad Joshua Winger
*Counsel for Appellant*

---

**OPINION**

Presiding Judge Cynthia J. Bailey delivered the opinion of the Court, in which Judge Anni Hill Foster and Judge Angela K. Paton joined.

---

**B A I L E Y,** Judge:

¶1 Edwardo Serrato, III appeals his conviction and sentence for arson of an occupied structure.[1]  He argues that the vehicle subject to the arson was not occupied because there was no proof that anyone else was inside or in the vicinity of the vehicle that burned.  We address whether a defendant's presence alone is sufficient to find a structure is occupied.  We hold that it is.  Accordingly, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 We view the facts in the light most favorable to sustaining Serrato's convictions.  *See State v. Thompson*, 252 Ariz. 279, 287 n.3 (2022).

¶3 One night in December 2007, Kingman firefighters found a pickup truck on fire.  The truck smelled of gasoline, and there was a melted gas can on the passenger seat.  An arson investigator determined that the fire was set in the truck's passenger compartment.

¶4 The police later arrested Serrato, and a grand jury indicted him for arson of an occupied structure.  In July 2023, a jury found him guilty and found multiple aggravating circumstances.  The superior court sentenced Serrato to an aggravated prison sentence of 35 years.

¶5 We have jurisdiction over Serrato's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

---

[1] Serrato also appeals his convictions and sentences for other offenses and raises issues that do not meet the criteria for publication.  *See* Ariz. R. Sup. Ct. 111(b).  We address the facts surrounding Serrato's arrest and Serrato's other arguments in a separate memorandum decision.  *See* Ariz. R. Sup. Ct. 111(h).

## DISCUSSION

**¶6** "A person commits arson of an occupied structure by knowingly and unlawfully damaging an occupied structure by knowingly causing a fire or explosion." A.R.S. § 13-1704(A). An "[o]ccupied structure" is defined as "any structure [including a vehicle] in which one or more human beings either is or is likely to be present or so near as to be in equivalent danger at the time the fire or explosion occurs." A.R.S. § 13-1701(2), (4).

**¶7** During his closing argument, the prosecutor argued: "[Serrato] himself was obviously present when he set the truck on fire, so his presence alone makes the truck an occupied structure, even if no one was inside the vehicle." On appeal, Serrato argues insufficient evidence supported his conviction. Because no record evidence supported finding another human being was present when the truck was set on fire, we ordered supplemental briefing to address whether Serrato's presence was sufficient.

**¶8** We review issues of statutory interpretation de novo. *State ex rel. Montgomery v. Harris*, 234 Ariz. 343, 344, ¶ 8 (2014). "Absent ambiguity or absurdity, our inquiry begins and ends with the plain meaning of the legislature's chosen words, read within the 'overall statutory context.'" *Welch v. Cochise Cnty. Bd. of Supervisors*, 251 Ariz. 519, 523, ¶ 11 (2021) (citing *Rosas v. Ariz. Dep't of Econ. Sec.*, 249 Ariz. 26, 28, ¶ 13 (2020)). Words are "construed according to the common and approved use of the language," A.R.S. § 1-213, and we "give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous," *Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019) (citing *City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 552–53, ¶¶ 31–34 (2005)).

**¶9** Serrato argues that the occupied structure definition is ambiguous and, applying secondary principles of statutory interpretation, a defendant's presence alone is insufficient to find a structure is occupied. However, the occupied structure definition is unambiguous, so we do not turn to secondary principles of statutory interpretation. *See Welch*, 251 Ariz. at 523, ¶ 11.

**¶10** By its plain language, "one or more human beings" encompasses all human beings—including the defendant. *See Phelps v. Commonwealth*, 654 S.E.2d 926, 927 (Va. 2008) ("Because the term 'a person' means any individual human being, the term encompasses the entire universe of people, including the defendant."). Further, had the legislature

intended to exclude the defendant's presence, it could have done so. *See* A.R.S. § 13-3704(A) ("A person commits adding poison or another harmful substance to water, food, drink or medicine if the person intends to harm *another human being . . . .*") (emphasis added); A.R.S. § 13-1201(A) ("A person commits endangerment by recklessly endangering *another person . . . .*") (emphasis added); *see also Leibsohn v. Hobbs*, 254 Ariz. 1, 5, ¶ 14 (2022) (noting the significance of legislative language in one statutory section compared to another); *State v. Marshall*, 197 Ariz. 496, 504, ¶ 28 (App. 2000) ("Had the legislature intended to restrict the application of the statute . . . , it could have easily done so by substituting [words other than the words chosen].").

**¶11**        Even if we were to conclude that § 13-1701(2) is ambiguous, we would arrive at the same result because interpreting "one or more human beings" to include the defendant is consistent with the statute's legislative history. *See Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160, 164, ¶ 20 (2017) ("Where the meaning is unclear from language and context, we may employ secondary tools, such as considering legislative history . . . ."). In 1975, the Arizona Criminal Code Commission ("Commission") drafted a revised criminal code. *See* Arizona Criminal Code Commission, *Arizona Revised Criminal Code*, at v (1975). The Commission proposed defining "occupied structure" as "any structure . . . in which one or more human beings, *other than the participant in the crime*, either is or is likely to be present or so near as to be in equivalent danger at the time the fire or explosion occurs." *Id.* at 170 (emphasis added). But when the bill containing the revised criminal code was introduced, it defined occupied structure as:

> [A]ny structure . . . in which one or more human beings, *other than a participant in the crime*, *unless such participant is the owner or occupant of the structure*, either is or is likely to be present or so near as to be in equivalent danger at the time the fire or explosion occurs.

H.B. 2054, 33d Leg., 1st Reg. Sess. (as introduced by House Comm. on Judiciary, Jan. 17, 1977) (emphasis added). Later, the House amended the bill, defining occupied structure as it is defined today in A.R.S. § 13-1701(2). *See* H.B. 2054, 33d Leg., 1st Reg. Sess. (as amended by House Comm. on Judiciary, Mar. 3, 1977). The legislature's rejection of the Commission's proposed definition further supports our conclusion that a defendant's presence is sufficient to find a structure is occupied under A.R.S. § 13-1701(2). *See State v. Bowsher*, 225 Ariz. 586, 588, ¶¶ 8–11 (2010) (noting the legislature's declining to adopt a different definition, despite being given the opportunity to do so, was "evidence [of the legislature's] rejection" of

the different definition (citation omitted)); *see also J.D. v. Hegyi*, 236 Ariz. 39, 43, ¶ 21 (2014) (noting a proposed statutory interpretation "would be in tension with the fact the legislature, in enacting [the statute], rejected a proposed amendment" that would have followed the proposed interpretation).

## CONCLUSION

¶12      A defendant's presence alone is sufficient to sustain a conviction for arson of an occupied structure. A.R.S. § 13-1701(2). We therefore affirm Serrato's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:   AGFV